[No. 6129. Decided September 25, 1906.]

EUGENE F. LAWSON, *Respondent*, v. BLACK DIAMOND COAL MINING COMPANY, *Appellant*.[1]

JUDGMENT—FAILURE TO ANSWER INTERROGATORIES—CONSTITUTIONAL LAW—DUE PROCESS. Bal. Code, § 6013, authorizing the court to strike a pleading and give judgment against a party for failure to answer interrogatories is not unconstitutional as depriving a party of property without due process, since such failure to answer may be construed as an admission of material facts; hence such judgment is justified only where the failure to make discovery as to material facts is alleged and proved.

SAME. In an action against a corporation to recover a broker's commission, interrogatories respecting negotiations and correspondence had with a stockholder relate to immaterial matters, as the stockholder has no power to bind the corporation; and failure to answer the same does not warrant judgment.

SAME—DISCOVERY—PRODUCTION OF DOCUMENTARY EVIDENCE. After failure of a defendant to specifically answer interrogatories, filed for

[1]Reported in 86 Pac. 1120.

a discovery of facts and documents material to the support of the action, under Bal. Code, § 6009, the court is not warranted in striking the answer and entering a default judgment for failure to produce and attach to the answer certain correspondence called for by the plaintiff under Bal. Code, § 6047, making provision for the inspection of books and papers in hands of the opposite party material to the issue, and for permission to make copies thereof, upon pain of exclusion of the evidence as punishment for contempt; since it was not the intention of the legislature to furnish a cumulative remedy by these two sections.

DISCOVERY—INSPECTION OF PAPERS—MATERIALITY. A party upon whom a demand is made for the inspection of papers or documents as provided by Bal. Code, § 6047, has the right to defeat the demand by showing that such documents or papers sought are not material to the support or defense of the action.

JUDGMENT — DEFAULT — ANSWER TO INTERROGATORIES — MOTION TO MAKE MORE SPECIFIC—TIME FOR FILING. Upon the granting of a motion to strike certain answers to interrogatories, for the reason that they are insufficient in certain particulars, it is error to grant judgment of default without requiring more specific answers and fixing a time for the filing thereof, in order that upon failure to file the same the time of a default may be definitely known.

Appeal from a judgment of the superior court for King county, Morris, J., entered November 4, 1905, in favor of the plaintiff, upon striking defendant's answer upon failure to answer interrogatories, in an action to recover broker's commissions. Reversed.

*Garret W. McEnerney,* and *Piles, Donworth, Howe & Farrell,* for appellant, contending that the striking of defendant's answer and the entry of judgment as for default, was a deprivation of property without due process, and contravened § 1 of the fourteenth amendment to the Federal constitution, cited: *Hovey v. Elliott,* 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215; *Foley v. Foley,* 120 Cal. 33, 52 Pac. 122, 65 Am. St. 147; *Younger v. Superior Court,* 136 Cal. 682, 69 Pac. 485; *Summerville v. Kelliher,* 144 Cal. 155, 77 Pac. 889; *Meacham v. Bear Valley Irr. Co.,* 145 Cal. 606, 79 Pac. 281, 68 L. R. A. 600; *Greig v. Ware,* 25 Colo. 184, 55 Pac. 163. The correspondence was confidential and privileged.

*Cully v. Northern Pac. R. Co.*, 35 Wash. 241, 77 Pac. 202. The interrogatories were immaterial and irrelevant, and should have been stricken. *Cully v. Northern Pac. R. Co.*, 35 Wash. 241, 77 Pac. 202. The corporation being unable to answer on oath, an officer of the corporation should have been made a party. 14 Cyc. 310, 311; 1 Daniel, Chancery Practice, 143-146, 196, 322, *378; *Vaughan v. East Tennessee etc. R. Co.*, 1 Flip. 621, Fed. Cas. No. 16,898; *Virginia etc. Mfg. Co. v. Hale*, 93 Ala. 542, 9 South. 256; *McComb v. Chicago etc. R. Co.*, 7 Fed. 426; *Roanoke St. R. Co. v. Hicks*, 96 Va. 510, 32 S. E. 295. The defendant had no control over the documents or the witness in whose possession they were. *McComb v. Chicago etc. R. Co., supra; Hancock v. Franklin Ins. Co.*, 107 Mass. 113; *Central Grain & Stock Exch. v. Board of Trade*, 125 Fed. 463.

*Hughes, McMicken, Dovell & Ramsey*, for respondent, contended, *inter alia*, that the joinder of an officer of the corporation was not necessary. *Colgate v. Campagnie Francaise*, 23 Fed. 82; *Continental Nat. Bank v. Heilman*, 66 Fed. 184; Bal. Code, § 6010. It was not error to require the defendant corporation to attach, as part of its answer to the interrogatories, copies of correspondence. Bal. Code, §§ 6008, 6009, 6047. The scope of the examination of a party before the trial may be as broad as cross-examination and to the same extent discretionary with the trial judge. *Stuart v. Allen*, 45 Wis. 158; *Kelly v. Chicago etc. R. Co.*, 60 Wis. 480, 19 N. W. 521; *Cleveland v. Burnham*, 60 Wis. 16, 17 N. W. 126, 18 N. W. 190; *Hoyt v. Smith*, 23 Conn. 177, 60 Am. Dec. 632; *Volusia County Bank v. Bigelow*, 45 Fla. 638, 33 South. 704. The granting of a default for failure to answer the interrogatories was not error. *Livesley v. O'Brien*, 6 Wash. 553, 34 Pac. 134; *Lowry v. Moore*, 16 Wash. 476; 48 Pac. 238, 58 Am. St. 49; Alabama Code 1837, § 1856; *Allen v. Lathrop-Hatton Lumber Co.*, 90 Ala. 490, 8 South. 129; Connecticut General Statutes, § 999, Rules of Practice, 26

Atl. XII, rule 5; *Craft Refrigerating Mach. Co. v. Quinnipiac Brewing Co.*, 63 Conn. 551, 29 Atl. 76, 25 L. R. A. 856; Florida Revised Statutes 1892, § 1115; Georgia Code 1895, §3956; Mansfield's Digest of Statutes of Arkansas, § 5101; Sandell and Hill's Statutes of Arkansas, § 5790; Iowa Annotated Code, § 3611; Indian Territory Statutes, § 3306; *Beacham v. Gurney*, 91 Iowa 621, 60 N. W. 187; *Blair v. Sioux City etc. R. Co.*, 109 Iowa 369, 80 N. W. 673; Indiana Annotated Statutes (Burn's), § 521; *Belton v. Smith*, 45 Ind. 291; *Nelson v. Neely*, 63 Ind. 194; Garland's Revised Code of Practice, § 349; *Magee v. Dunbar*, 10 La. 546; *Cox v. Mitchell*, 7 La. 520; *Polo v. Natili*, 14 La. 260; *Seaman, Beck & Co. v. Babington*, 11 La. Ann. 173; Massachusetts Revised Laws 1902, § 66; *Harding v. Noyes*, 125 Mass. 572; *Harding v. Morrill*, 136 Mass. 291; Clark's Code of Procedure 1900, § 584; Missouri Revised Statutes 1889, §§ 8920, 3924; *Snyder v. Raab*, 40 Mo. 166; *Dustin v. Farrelly*, 81 Mo. App. 380; North Dakota Revised Code 1899, § 5660; New York Annotated Code of Civil Procedure, § 808; Birdeye's Revised Statutes of New York, p. 976; *Gould v. Mc-Carty*, 1 Kernan 575; Mississippi Annotated Code 1892, § 1761; *Illinois Central R. Co. v. Sanford*, 75 Miss. 862, 23 South. 355; Bates' Annotated Ohio Statutes (2d ed.), 1898, § 5101; Pepper & Lewis' Digest, p. 103, § 4, p. 269, § 36; South Carolina Code 1902, § 395; *Roche v. Chaplin*, 1 Bailey (S. C.) 419; *Toomer v. Righton*, Riley (S. C. Eq.) 263; South Dakota Revised Code, § 483; Milliken and Vertress' Code of Tennessee, § 4657; Texas Revised Statutes, § 2297; Wisconsin Statutes 1898, §§ 4096, 4097; Wyoming Revised Statutes, § 3575; District of Columbia Compiled Statutes, p. 220, § 31; Delaware Revised Laws, vol. 1, p. 799, § 13; Florida Revised Statutes 1892, § 1115; Georgia Code 1882, § 3510; Maryland Code 1882, vol. 2, art. 75, § 94; Ohio Revised Statutes, § 5289; Wyoming Revised Statutes 1887, § 2637; North Carolina Code, § 373; Sandell & Hill's Arkansas Digest 1894, § 2899; Missouri Revised Statutes 1899,

§ 2180; Virginia Code 1887, § 337; West Virginia Code 1887, chapter 120, § 43; United States Revised Statutes, § 724; *Iasigi v. Brown*, 1 Curt. 401; *Merchants' Nat Bank v. State Nat. Bank*, 3 Cliff. 201; *Victor G. Blode Co. v. Bancroft & Sons Co.*, 110 Fed. 76; Victoria Statutes, act. 14 and 15, chapter 99, § 6.

RUDKIN, J.—The complaint in this action alleges that the plaintiff and his assignors rendered and performed services, at the special instance and request of the defendant, in securing a purchaser for certain coal mines and other properties owned by the defendant in King county; that by and through such services, the Pacific Coast Company, a corporation, was induced to purchase said property for the sum of $1,100,000; that the defendant received and accepted the benefit of the services so performed by the plaintiff and his assignors, and sold and delivered said properties to the Pacific Coast Company, receiving the sum of $1,100,000 in payment therefor, and that the reasonable and agreed value of the services so performed is five per cent of the sum for which said properties sold, or $55,000, no part of which has been paid. The answer admits the sale of the properties to the Pacific Coast Company, and the price for which the same were sold, but in substance denies the remaining allegations of the complaint.

The action was commenced and the complaint filed on July 13, 1904. The answer was filed on the 16th day of November, 1904. On November 22, 1904, the plaintiff propounded interrogatories to the defendant to the number of eighteen, for the discovery of facts and documents material to the support of the action. On December 12, 1904, a motion was interposed by the defendant to strike each and all of these interrogatories. This motion was denied on January 18, 1905, and the defendant was allowed ten days to further answer. March 20, 1905, answers to the interrogatories were filed, and on March 25, 1905, the plaintiff

moved the court to strike certain of the answers and to re-
quire the defendant to answer the interrogatories more spe-
cifically in certain particulars specified in the motion.   This
motion was argued and submitted on the 23d day of April,
1905, and on the 18th day of May, 1905, the court an-
nounced its ruling, in the absence of the parties, granting
the motion, but no time was fixed within which further an-
swers should be made.   October 17, 1905, the plaintiff filed a
motion to strike the answer of the defendant and for judg-
ment according to the prayer of the complaint, for failure
to answer the interrogatories propounded to it.   A hearing
was had on this motion October 21, 1905, and the motion was
granted, the answer stricken, and the default of the defend-
ant declared and entered.   On the 3d day of November,
1905, judgment was entered against the defendant according
to the prayer of the complaint, without the taking of proof.
From this judgment the defendant appeals.

The interrogatories in question were propounded under
Bal. Code, § 6009 (P. C. § 969), which provides as follows:

"Instead of the examination being had at the trial, as
provided by the last section, the plaintiff, at the time of fil-
ing his complaint or afterwards, and the defendant, at the
time of filing his answer or afterwards, may file in the clerk's
office interrogatories for the discovery of facts and docu-
ments material to the support or defense of the action, to
be answered on oath by the adverse party."

The answer was stricken and judgment taken by default
under Bal. Code, § 6013 (P. C. § 973), which provides as
follows:

"If a party refuse to attend and testify at the trial, or to
give his deposition, or to answer any interrogatories filed,
his complaint, answer or reply may be stricken out, and judg-
ment taken against him, and he may also, in the discretion
of the court, be proceeded against as in other cases for a
contempt: *Provided*, That the preceding sections shall not
be construed so as to compel any person to answer any ques-
tion when such answer may tend to criminate himself."

The appellant earnestly insists that § 6013, *supra*, deprives it of its property without due process of law, in violation of § 1 of the Fourteenth Article of Amendments to the constitution of the United States.    If the statute be construed as authorizing the striking of the answer and the taking of judgment by default, for failure to answer interrogatories, solely as a punishment for contempt, and without any regard to the substance of the interrogatories or the nature of the discovery sought, this objection would seem to be well taken. *McVeigh v. United States*, 11 Wall. 259, 20 L. Ed. 80; *Winsor v. McVeigh*, 93 U. S. 274, 23 L. Ed. 914; *Hovey v. Elliott*, 167 U. S. 409, 17 Sup. Ct. 841, 42 L. Ed. 215.    If, on the other hand, the refusal of a party to attend and testify at the trial, or to give his deposition, be treated as an implied admission of the facts at issue on his part, the same as a failure to deny the allegations of a pleading, we think the statute is free from constitutional objection.    From a party's refusal to testify it may well be presumed that, if his testimony were given, it would sustain the cause of action or defense of his adversary, and we think that this is a presumption the law and the courts have a right to indulge.    On the same principle, the refusal of a party to answer interrogatories may be treated as an implied admission of the facts in relation to which a discovery is sought.    But, if there are numerous issues in a case, and a discovery is sought only as to one of these issues, the striking of the answer and the taking of judgment on all the issues, for failure to make discovery as to one, can only be justified on the theory that the judgment is given as a punishment for the failure to make discovery, and it may well be doubted whether such a proceeding can be sustained under the authorities above cited.

Assuming that the statute is valid, however, even if construed contrary to the above views, we are still satisfied that a party invoking its penalty must show that his adversary has failed to make discovery of facts *material to the support*

*of the action or defense.* To illustrate: The fourth, fifth and sixth interrogatories propounded in this case make inquiry as to the number of shares of stock in the appellant corporation, the name, residence and number of shares owned by each stockholder, and the transfers made between the time the alleged contract was entered into between the plaintiff and his assignors and the appellant corporation, and the time of the sale to the Pacific Coast Company. Ordinarily, in a personal action against a corporation for the recovery of a money judgment, such inquiries are wholly irrelevant, and it would surely not be contended that a failure to make a discovery as to such facts would warrant the striking of the answer and the entry of a judgment by default, unless something further were shown. In the light of this rule, let us examine the interrogatories, the answers to which are claimed to be insufficient and to warrant the ruling of the court below.

The 8th, 9th, 10th, 11th, 13th, 14th No. 1, 14th No. 2, and 15th interrogatories inquire as to negotiations between D. O. Mills, or any one on his behalf, or on behalf of the appellant corporation, with James J. Hill, or any one on his behalf, or any officer, stockholder, or person interested in or representing the Pacific Coast Company, looking to a sale of the properties in question to the Pacific Coast Company; as to any offers made by D. O. Mills, or any person on his behalf, or any person having an interest in the appellant corporation, to sell said properties to the Pacific Coast Company; as to any offers made by James J. Hill, or any one on his behalf, or any officer or stockholder of the Pacific Coast Company, looking to a purchase of said properties; whether any officer or employee of the Great Northern Railway Company ever made any offer to D. O. Mills, or any one on his behalf, or any officer or stockholder or person interested in the appellant corporation, looking to a purchase of said properties; and required the appellant to set forth fully all such offers and negotiations. The 12th interrogatory re-

3—44 WASH.

quired the appellant to attach to its answers copies of any correspondence between D. O. Mills and the appellant corporation, or any of its officers, relating to the sale or purchase of said properties. The 17th interrogatory required the appellant to attach copies of all correspondence between D. O. Mills and H. H. Taylor, president of the appellant corporation, relating to the sale or purchase of said properties. These interrogatories were answered by the president of the appellant corporation, and such answers were adopted by the corporation itself. The substance of the answers to the 8th, 9th, 10th, 11th, 13th, 14th No. 1, 14th No. 2, and 15th interrogatories was, that the deponent was informed and believed that D. O. Mills did have negotiations with James J. Hill, looking to the sale of all said properties, and that the deponent had in his possession, as the personal agent of D. O. Mills, certain correspondence between D. O. Mills and James J. Hill, in reference to said sale, but that such correspondence was not in the custody of the appellant corporation, or in the custody of the deponent, as an officer of said corporation, or of any other officer of said corporation as such officer; and that the deponent had no knowledge of any other negotiations of said D. O. Mills in reference to such matters, except from hearsay and information derived from said D. O. Mills; that the deponent had no knowledge of any offer of said D. O. Mills to sell said properties, except from hearsay and the personal correspondence of said Mills above referred to, and that deponent had no knowledge of any offers made by the said Hill to purchase said properties except such as was derived from hearsay. The answers then set forth in detail the negotiations for the sale of said properties conducted by persons other than said Mills. The answer to the 12th interrogatory was that there was no correspondence between D. O. Mills and the appellant corporation, or between Mills and the deponent, as an officer of said corporation, in relation to such sale; that the deponent had

no knowledge of any correspondence between Mills and any other officer of appellant corporation, and if any such correspondence passed the same was not in the custody or possession of the appellant corporation, or the deponent. No answer was made to the 17th interrogatory, calling for copies of the correspondence between D. O. Mills and H. H. Taylor, relating to the sale or purchase of said properties.

The principal objection urged against these answers is their failure to set forth the details of the negotiations between D. O. Mills and other parties relating to the sale or purchase of the properties in question, and the failure of the appellant to attach to its answers the correspondence called for. D. O. Mills is a resident of the city of New York. His only connection with the appellant corporation, so far as disclosed by the record before us, is this: He owns 15,751 of the 50,000 shares of the capital stock of the appellant, and holds an additional five hundred shares as trustee; and H. H. Taylor, the president of the appellant corporation, is the personal agent of D. O. Mills, located at San Francisco, California. It will scarcely be contended that these facts of themselves make the negotiations or correspondence of D. O. Mills competent evidence against the appellant, and we do not understand that the respondent so contends. The functions of stockholders of a corporation are exceedingly limited. They have no power as such to negotiate, contract, or correspond for the corporation of which they are stockholders, and such negotiations, contracts or correspondence do not bind the corporation, unless previously authorized or subsequently ratified by it. Cook, Stockholders (2d ed.), §§ 708-711. Nor did the fact that the president of the corporation was the personal agent of the stockholder transform the stockholder into an agent of the corporation or its president.

But the respondent contends that he could show, by other testimony, not only that D. O. Mills was a large stockholder,

but that, through other stockholders, he absolutely controlled the policy of the appellant corporation, named its board of directors and put in charge of its affairs his personal agent Taylor, and that Taylor, and therefore Mills, had power to make all negotiations for the sale of the properties. Such a showing, if made, would doubtless show the materiality of the facts sought to be elicited by the interrogatories. On the trial of an action courts often admit evidence out of order, the relevancy of which does not appear, on the promise of counsel to connect it and show its materiality during the progress of the trial, and this same practice doubtless prevails in the settlement of interrogatories to be attached to commissions to take depositions and, on motion, to strike interrogatories, such as was interposed in this case. But when a party invokes the harsh remedy of striking a pleading and taking a judgment by default, he must not only allege, but must prove, the facts showing the materiality of the facts of which a discovery is sought, where such materiality does not appear from the interrogatories themselves, and no such showing was made in this case. In other words, he must prove that his adversary has failed or refused to make discovery of material facts.

The appellant further contends that the court was not warranted in striking the answer and giving judgment by default for failure to produce the correspondence called for. Bal. Code, § 6047 (P. C. § 1011), provides as follows:

"Any court, or judge thereof, in which an action is pending may, upon notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, of any book, document, or paper in his possession, or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court may exclude the book, document, or paper from being given in evidence, or if wanted as evidence by the party applying, may direct the jury to presume it such as he alleges it to be, and the court

may also punish the party refusing as for contempt. This section shall not be construed to prevent a party from compelling another to produce books, papers or documents where he is examined as a witness."

This and § 6009, *supra*, are parts of the original practice act of 1854. We do not think that it was the intention of the legislature to furnish a cumulative remedy by these two sections found in the same act. The purpose of § 6009 was evidently to enable a party to discover the existence and whereabouts of documents in order that he might subpoena the person having their custody, and have the same produced at the trial, or obtain an inspection and copy under § 6047. Counsel for respondent say that this is not the proper construction of the statute, because § 6047 expressly provides that it shall not be construed to prevent a party from compelling another to produce books, papers or documents when he is examined as a witness. The answer to this contention is that the party to whom interrogatories are propounded is not examined as a witness at the trial. When a party is examined as a witness, he has a right to show by cross-examination that the documents sought are not material, and he has the same opportunity when an inspection is demanded under § 6047. And where an attempt is made to inquire into the private papers of a party, especially when not a party to the action, a showing of materiality should always be required. These views are in accord with the doubt expressed in *Cully v. Northern Pac. R. Co.*, 35 Wash. 241, 77 Pac. 202. The court there said:

"It may well be doubted whether, under § 6009, *supra*, the production of any documentary evidence could be demanded, in view of the provisions of § 6047, Bal. Code, which makes ample provision for the inspection of books and papers in the hands of the opposite party material to the issue, and for permission to make copies thereof."

We think the construction we have adopted is consistent with the statute and consistent with the constitution, and gives to

the party propounding interrogatories or demanding documents the full benefit of any advantage he might derive from the answers if made or the documents if produced. When the court struck the answer to the interrogatories and required more specific answers, it should have fixed a time within which further answers should be filed, in order that the time of the appellant's default might be definitely known, unless the time is fixed by some rule of court of which we are not advised.

The judgment is reversed, and the appellant will be allowed ten days in which to further answer the interrogatories after the remittitur is filed in the court below, and all further proceedings in the case will be in accordance with this opinion.

MOUNT, C. J., HADLEY, and CROW, JJ., concur.