[No. 6170. Decided September 25, 1906.]

LEWIS E. CAPPS et al., *Respondents*, v. A. V. FREDERICK et al., *Appellants*.[1]

SPECIFIC PERFORMANCE—TO COMPEL SUBLEASE—LEASE TAKEN IN NAME OF THIRD PERSON—REAL PARTIES IN INTEREST. An agreement, as part consideration for the sale of a stock of goods, that the defendants would obtain an extension of their lease of a storeroom then in their possession, and that they would sublease one-half of the room to the plaintiffs for the term of the renewal, will be enforced, and it is not ground for denying specific performance that the court had no jurisdiction over the defendant's son, a nonresident, in whose name the renewal was taken, and who, at their request, held the lease in his name as their agent; it appearing from the evidence that the son had no interest in the lease or leased property, that the defendants retained and occupied the premises and paid the rent, and were the only real parties in interest.

APPEAL — REVIEW — INTERROGATORIES — FAILURE TO ANSWER — DEFAULT Section 6013, Bal. Code, authorizes courts to grant default judgments upon the failure of a party to answer interrogatories filed, where the interrogatories go to all the issues in the case, and

[1]Reported in 86 Pac 1128

where the refusal to answer may be taken as an admission of the facts at issue, and is not invalid and unconstitutional; and the entry of a judgment thereunder will not be disturbed on appeal when the interrogatories are not brought up, but the presumption will arise that the interrogatories extend to all the issues and that the refusal to answer is an admission of the facts sought to be determined.

Appeal from a judgment of the superior court for King county, Frater, J., entered December 1, 1905, in favor of the plaintiffs, upon default of the defendants for failure to answer interrogatories, in an action for specific performance. Affirmed.

*Fred H. Peterson* and *H. C. Force*, for appellants.

*Shank & Smith*, for respondents.

MOUNT, C. J.—This action was brought to enforce specific performance of an agreement to lease, and for damages. The trial court entered judgment as prayed for in the complaint, and the defendants appeal.

The facts are as follows: The defendants A. V. Frederick and M. M. Frederick, his wife, were in possession of a certain storeroom in the city of Seattle, under a lease from one T. D. Hinckley, for a period of five years from September 15, 1899. On May 9, 1903, the defendants A. V. and M. M. Frederick sold a portion of their stock of goods to the plaintiffs, and in consideration thereof, and the payment of $175 per month rental, entered into a written agreement with plaintiffs to the effect that they would obtain an extension of their lease from Mr. Hinckley in 1904 for the term of five years thereafter, and would sublease the south half of the storeroom to the plaintiffs for the term of the renewal lease. Plaintiffs thereupon went into possession of the storeroom. On June 28, 1904, a renewal lease was executed by Mr. Hinckley for the term of a little more than five years. At the request of said A. V. Frederick and his wife, the lease was made in the name of their son H. A. Frederick, who was then and now is residing in California. This lease, however,

provided that M. M. Frederick should be the agent of her son H. A. Frederick for all purposes of the lease, and that any notice or service upon her should be deemed personal service upon said H. A. Frederick. A. V. Frederick and his wife guaranteed performance of all the conditions of the lease and payment of the rent by written indorsement on the back of the lease. Thereafter, A. V. and M. M. Frederick actually occupied the premises, or that portion thereof not occupied by the plaintiffs.

After the execution of this last-named lease by Hinckley to the defendants, they refused to execute a lease to plaintiffs as they had agreed to do, and retook possession of a portion of the storeroom included in the space which was to be let to the plaintiffs. Plaintiffs were compelled to store a part of their goods in another place. Plaintiffs thereupon brought this action. In addition to the facts above stated, the plaintiffs in their complaint alleged substantially that the defendant H. A. Frederick had no interest whatever in the said lease or the storeroom, had never been in possession thereof, but that the other defendants were the real parties in interest, and that if the sublease agreed upon were not made to plaintiffs, their business would be destroyed and that their damage could not be adequately measured or compensated in money. The complaint was served personally upon the defendants A. V. and M. M. Frederick in this state, and upon H. A. Frederick, personally, in California. The latter appeared specially and objected to the jurisdiction of the court. His objections were overruled and he answered separately, still appearing specially. The other defendants filed a general demurrer, which was overruled. They then answered. The answers were general denials of the allegations of the complaint. Thereupon the plaintiffs propounded interrogatories to be answered by each of the defendants. The defendants refused to answer these interrogatories, and upon motion of the plaintiffs, a default was entered against them

for failure to do so. The case was subsequently set down for trial, and the defendants appeared by their counsel and cross-examined plaintiffs' witnesses at the trial, but offered no evidence in their own behalf. The court thereupon made findings and entered a decree in favor of the plaintiffs against the defendants A. V. Frederick and M. M. Frederick, and appointed a commissioner to execute the lease to plaintiffs.

Appellants argue, first, that the court had no jurisdiction over the person of the defendant H. A. Frederick, and therefore no power to order the execution of the sublease to plaintiffs. We may concede for this case that there was no jurisdiction over the person of H. A. Frederick, and still the judgment must be affirmed as against the other two appellants because the facts alleged and proven clearly show that H. A. Frederick has no interest whatever in the lease or in the leased property. He was the son of the other two appellants, he was and is now residing in the state of California; the other two appellants obtained the lease of the premises for their own use and benefit, and occupied a portion of the premises and paid the rent prior to the last lease, the whole lease was renewed to them, but at their request was taken in the name of their son. He can be considered, therefore, no more than an agent for his father and mother, who are the real principals. The lease was taken in his name, no doubt, for the purpose of attempting to place it without their power to perform their contract with the plaintiffs. They still retained and occupied the premises, and paid the rent. The lease upon its face shows that they were bound for the rent, and the lessor testified that he leased the property to them but made the written lease in the name of their son at their request and in consideration that they should occupy the premises and pay the rent. Under these circumstances, it is plain that they are the only real parties in interest, and a court of equity would hesitate to say that the contract of A. V. and M. M. Frederick would not be enforced because

they were not the record holders of the lease. They are the actual lessees in possession, and are bound as fully as if the lease had been taken in their own names. It is therefore unnecessary to further consider questions presented, upon the theory that H. A. Frederick was the real lessee from Mr. Hinckley.

Appellants contend that the court erred in granting a default against them for failure to answer interrogatories, for the reason that the statute, Bal. Code, § 6013 (P. C. § 973), which provides such procedure, is unconstitutional and void. In *Lawson v. Black Diamond Coal Min. Co.*, ante p. 26, 86 Pac. 1120, we held the statute valid, and that it authorized the court to grant a default where the interrogatories go to all the issues in the case, and where the refusal of the parties to answer them may be treated as an admission of the facts of the case. The interrogatories are not brought here in this case. Appellants rely solely upon the invalidity of the statute. We must presume therefore that the interrogatories went to all the issues, and that the refusal to answer was an admission of all the facts inquired about. In this view it is unnecessary to discuss the evidence which the appellants now claim is insufficient. No personal judgment was taken against H. A. Frederick.

The judgment entered appears to be right, and is therefore affirmed.

DUNBAR, HADLEY, CROW, ROOT, and FULLERTON, JJ., concur.