[No. 2254]

## GEORGE OLIVER ROBERSON, APPELLANT, *v.* GEORGE D. KILBORN, RESPONDENT.

[165 Pac. 220]

1. DEPOSITIONS—ANSWERING QUESTIONS—CONTUMACIOUS REFUSAL—PENALTY—STRIKING PLEADING.

Where plaintiff in giving his deposition refused under advice and command of his counsel to answer certain questions until the court had ruled that they should and must be answered, his refusal was not contumacious, nor was he a recalcitrant witness, and it was error, before ruling that the questions must be answered, to strike his complaint.

2. DEPOSITIONS—ANSWERING QUESTIONS—CONTUMACIOUS REFUSAL—PENALTY—STRIKING PLEADING—DISCRETION OF COURT.

Conceding questions propounded in taking a deposition were legal and pertinent, it was an arbitrary exercise of authority to enter judgment against defendant before giving him an opportunity to answer the questions propounded and ruled to be proper.

APPEAL from Second Judicial District Court, Washoe County; *T. F. Moran,* Judge.

Suit by George Oliver Roberson against George D. Kilborn. From an order striking the complaint and giving judgment for defendant, plaintiff appeals. **Reversed and remanded,** with instructions.

*George Springmeyer,* for Appellant:

A witness is privileged to refuse to answer illegal and impertinent questions on a deposition. (Rev. Laws, 5436, 5437, 5456; *Fenn* v. *Railroad,* 122 Ga. 280; *Ex Parte Jennings,* 60 Ohio St. 319; *McFarland* v. *Muscatine,* 98 Iowa, 199; *Meyer* v. *Manhattan L. Ins. Co.,* 144 Ind. 439; *Robins* v. *Brockton St. Ry. Co.* 180 Mass. 51; *Gunn* v. *Railway Co.,* 171 Mass. 417; *Rogers* v. *Superior Court,* 78 Pac. 344.)

In the taking of a deposition before a commissioner, where a witness refuses to answer questions on the ground that they are improper, the proper practice is for the commissioner to certify the questions to the court for a ruling. (*Chew* v. *Bank,* 2 Md. Ch. 210; *Vincent* v. *Huff,* 4 S. & R. 298; *Clark* v. *Allen,* 43 U. C. I. B. 242; *Citizens'*

*Bank* v. *Alexander*, 73 N. E. 279; *Van Dyke* v. *Doughty*, 140 N. W. 627; *Burns* v. *Superior Court*, 73 Pac. 597.)

The complaint of the plaintiff should not be dismissed where, upon the taking of his deposition, he refused to make answer to all questions, under the belief that he had the right so to refuse, and where he expressed his willingness to testify if the questions should be held to be proper. (*Coburn* v. *Tucker*, 21 Mo. 219; *Hovey* v. *Elliott*, 167 U. S. 409; *Lawson* v. *Mining Co.*, 86 Pac. 1120; *Summerville* v. *Kelliher*, 77 Pac. 889; *Foley* v. *Foley*, 52 Pac. 122; *State* v. *Clancy*, 61 Pac. 987; *Sibley* v. *Sibley*, 78 N. Y. Supp. 743; *Ehlers* v. *Stoeckle*, 37 Mich. 261.)

*Homer Mooney*, for Respondent:

When a certified deposition is presented to the court, showing that a plaintiff-witness has refused to give his deposition, the court has power to declare the fact, strike the complaint from the files, and enter judgment for costs against plaintiff. (*Maxwell* v. *Rives*, 11 Nev. 213; *Royer* v. *Harwood*, 48 Mo. App. 510.)

The court is not required to point out proper questions and give the plaintiff the privilege of answering. (*Maxwell* v. *Rives*, *supra*.)

The ruling of the lower court on questions declared to be proper, legal, and pertinent was correct. (*Maxwell* v. *Rives*, *supra*; *Richards* v. *Judd*, 15 Abb. Pr. R. 184; *Guenther* v. *Ridgway*, 143 N. Y. Supp. 961; *Funk* v. *Tribune*, 4 Civ. Pr. Rep. 408; *Miles* v. *Armour*, 239 Mo. 438, 144 S. W. 424.)

By the Court, SANDERS, J.:

George Oliver Roberson, appellant, brought suit in the district court of Washoe County against George D. Kilborn, respondent, to recover damages alleged to have been suffered by reason of the publication of an alleged libelous article in the Nevada State Journal, a daily newspaper published by respondent in the city of Reno. After service of summons, and before answer, it was

stipulated by the parties, through their respective counsel, that the deposition of appellant might be taken on application of respondent. Pursuant to the terms of the stipulation, appellant's deposition was taken, signed, sworn to, returned, and filed. Thereafter, respondent served on appellant's counsel a written notice to the effect that on the 4th day of April, 1916, he would move the court for an order striking out the complaint on file in the cause and dismissing the same, and for an order that judgment be entered in favor of respondent, on the grounds that appellant refused to give his deposition, and refused to answer as a witness questions to him propounded, and, in support of the motion, that he would rely on the papers and pleadings in the cause, including the purported deposition. The motion came on for hearing, and was submitted to the court for its decision on the 4th day of April, 1916. On said date, the court, it appears, caused to be made and entered the following minute order:

"Be it further remembered, that in open court, on April 4, 1916, defendant duly moved the court for an order striking out plaintiff's complaint and for judgment for defendant on the grounds stated in the aforesaid notice of motion; that plaintiff, acting by and through his counsel, then and there offered to make answer on his deposition to all questions and interrogatories which the court might declare to be proper, competent, relevant, or material, and which the court might direct, require, or order him to answer; that said matters were then and there duly argued by respective counsel for plaintiff and defendant, and submitted to the court for its decision."

Thereafter, on the 24th day of August, 1916, the court made its ruling, decision, and order sustaining the motion, upon the following grounds (excerpt from decision):

"Without going further into deposition and picking out each question separately, we think we have pointed out enough in connection with what we have observed in the record of the proceeding to warrant the court in making a

ruling on this motion. The alleged libel is set out merely to show what relevancy the questions propounded by defendant's counsel could have to same. All the questions mentioned in this opinion are relevant and should have been answered. The plaintiff has refused to answer proper questions to such an extent as to defeat the taking of his deposition.

"For the reasons given, the complaint of plaintiff is stricken out, and judgment is given against him. It is so ordered."

The taking of the deposition of a party to a suit before trial is strictly a statutory proceeding, embraced by chapter 54 of the civil practice act (Rev. Laws, 5419–5449). Section 479 of the act provides that, if a party refuse to give his deposition before trial, his pleading may be stricken out and judgment be taken against him. Section 496 of the act provides that refusal to answer as a witness or to subscribe a deposition may be punished as a contempt by the court or officer; and, if the witness be a party, his complaint may be dismissed or his answer stricken out. Whether a court may, under section 496 of the act, strike a pleading of a party witness before his being adjudged guilty of a contempt—*quære.*

1. The court based its ruling and decision upon the ground that appellant refused to answer proper questions to such an extent as to defeat the taking of his deposition. It is not pretended that the witness refused to give his deposition. It clearly appears from the record that the excuse of the witness for not answering the questions was that under the advice of his counsel and, in fact, by reason of the command of his counsel, he declined to answer. His refusal to answer was not, therefore, contumacious; nor can it be said that he was a recalcitrant witness. He proffered his willingness to answer the questions when ruled upon by the court, and, upon the hearing of the motion, it appears that his counsel offered to make answer to all questions propounded which the court should rule to be pertinent and legal. and which the court might direct, require, and order him to answer.

The facts thus presented are entirely different from those the court had to deal with in the case of *Maxwell* v. *Rives,* 11 Nev. 220. There the examination was conducted in the presence of the court, and the witness refused, and continued his refusal, to answer questions ruled by the court to be proper. Here the witness refused to answer pending a ruling by the court, and his excuse, as before stated, for not answering, was that he did so under the advice of his counsel.

2. Conceding, but not deciding, that the questions propounded were legal and pertinent, it was an arbitrary exercise of authority to enter judgment against appellant before giving him an opportunity to answer the questions ruled to be proper.

In applying a statute in a proceeding of this kind to a similar state of facts as here presented, the Supreme Court of Indiana decided that it is only where a party refuses to attend and testify that he may be punished for a contempt, and his pleadings stricken out. If it appears that he did not attend and testify, and merely refused to answer certain questions under the advice of his counsel, without any disrespect to the court, but because there is nothing in the complaint upon which to base such questions, it will be error to punish him as for contempt, or to strike out his pleadings. (*Chaffin* v. *Brownfield,* 88 Ind. 305.)

In the case of *Livesley* v. *O'Brien,* 6 Wash. 553, 34 Pac. 134, cited by respondent in support of the regularity of the judgment here complained of, the court's overruling of a motion to strike the interrogatories to be propounded to a party witness was in effect an approval by the court of the interrogatories. In that case the court said that motions of this character are directed to the discretion of the trial court, and its action in passing thereon will not be reversed unless the record shows an abuse of discretion.

No harm could have resulted to respondent by giving to appellant an opportunity to answer the questions when the court had ruled them to be proper. In fact, it might have enabled respondent to obtain the information which

he professed to want. But to refuse to give appellant an opportunity to answer the questions when so ruled upon might deprive appellant of a constitutional right. (*Citizens' National Bank* v. *Alexander*, 34 Ind. App. 597, 73 N. E. 279; *Lawson* v. *Black Diamond Coal Mining Co.*, 44 Wash. 26, 86 Pac. 1120.)

The judgment is reversed, and the cause remanded. The district court is instructed to revoke the order striking appellant's complaint and to enter an order reinstating the same.

*Per Curiam:*

Petition for rehearing denied.