[No. 17977.   Department Two.   October 2, 1923.]

ANNIE HILL, *Respondent,* v. ENOCH HILL, *Appellant.*[1]

DIVORCE (80)—DIVISION OF PROPERTY. An equal division of the community property is not objectionable because the wife has separate estate.

DISCOVERY (2, 5)—MATTERS MATERIAL TO DEFENSE. Interrogatories propounded by the defense, under Rem. Comp. Stat., § 1226, providing for a discovery of facts material to the support or defense of the action, must be material to the defense.

Appeal from a judgment of the superior court for Snohomish county, Alston, J., entered October 9, 1922, upon findings in favor of the plaintiff, in an action for a divorce. Affirmed.

*Lloyd L. Black,* for appellant.

*O. T. Webb* and *Clarence Coleman,* for respondent.

FULLERTON, J.—This is an appeal from an interlocutory decree of divorce. The husband, against whom the divorce was granted, questions the sufficiency of the evidence to justify the decree, and complains of the division made by the court of the community property of the parties.

As to the evidence, the stories of the parties as to their marital relations are widely variant. If the wife's story is to be believed, the decree is justified; otherwise, it is not. Nor do we find much in the record that tends to corroborate either party, although there is this

[1]Reported in 219 Pac. 18.

in the wife's favor: the institution of the proceeding was not the result of any sudden impulse; she left the marital home, and continued to live separate and apart from her husband nearly a year before its institution. The trial court was better able, under the circumstances, to judge of the truthfulness of the witnesses than are we, and we feel that we would not be warranted in disturbing its conclusions.

As to the community property, the court practically made an equal division of it between the parties. The wife was the possessor of a separate estate, and by the award of the court she now has a greater estate than has the husband. But we cannot think this a sufficient ground for disturbing the division made by the court. The husband is not left without property, and when the respective abilities of the parties to engage in a gainful occupation are considered, the advantage is all with the husband.

The appellant complains of the ruling of the court refusing to require the respondent to answer certain interrogatories filed pursuant to § 1226 of the code [Rem. Comp. Stat.]. The code permits such interrogatories "for the discovery of facts and documents material to the support or defense of the action;" in this instance, of course, since they were propounded by the defense, they must call for matters material to the defense. Those here propounded had no tendency in that direction. They rather required the plaintiff to state with particularity what evidence she intended to give in support of her complaint. For illustration, she had alleged in her complaint a personal assault made upon her by the defendant on or about March 17, 1920. Concerning this, she was asked to describe fully the assault, to state what injuries were caused her by such assault, how long it was until she recovered from the same, whether it occurred within or without the house

then occupied by her as a home, whether any person or persons saw the assault, and, if so, to give the names of each and the location of each at such time. Seemingly, it ought not to require argument to demonstrate that the statute furnishes no sanction for interrogatories such as these.

A further complaint is that the court erred in denying the appellant's motion for a new trial. But we think this also is without merit.

Affirmed.

MAIN, C. J., TOLMAN, PARKER, and PEMBERTON, JJ., concur.