[No. 19727. Department Two. May 12, 1926.]

KELLY-SPRINGFIELD TIRE COMPANY, *Respondent*, v. LOTTA MILES TIRE COMPANY, *Respondent*, A. K. JOHNSON, *Appellant.*[1]

[1] DISCOVERY (5)—PURPOSES OF EXAMINATION—DISCOVERY OF EVIDENCE. Interrogatories to the adverse party under Rem. Comp. Stat., § 1226, should be stricken and it is error to require an answer, where it is apparent that the purpose was not to elicit facts material to the controversy, but to make known the evidence which would be introduced at the trial in the adversary's behalf.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered July 8, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Reversed.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant.

*Rickabaugh & McElroy* and *Walter Christian,* for respondent.

MAIN, J.—The plaintiff brought this action to recover an alleged balance of approximately $18,000 due it from the defendant Lotta Miles Tire Company. The defendant A. K. Johnson was made a party and recovery was sought against him in the sum of $10,000, by reason of a guaranty which he had signed agreeing to pay the obligations of Lotta Miles Tire Company to

[1]Reported in 245 Pac. 921.

the plaintiff in that sum. The defendants answered separately, and in each answer, after certain admissions and denials, there were two affirmative defenses and affirmative relief was sought against the plaintiff. The two answers were substantially the same. The affirmative matter in the answers was denied by replies.

After the issues had been formed, the plaintiff propounded interrogatories to each of the defendants. Johnson moved to strike the interrogatories and the motion was granted. Thereupon the plaintiff made a motion that the president of the Lotta Miles Tire Company be required to appear before the court for examination "in the above entitled action." This motion was supported by affidavit to the effect that, since the plaintiff's place of business was in New York and that practically all of its evidence would be by depositions, the plaintiff desired to examine the president of the Lotta Miles Tire Company before a commission should issue to take the depositions. The motion to examine was denied. The plaintiff then made a motion that the order striking the interrogatories be set aside, and this was granted. Johnson answered the interrogatories propounded to him, but not in a manner satisfactory to the plaintiff. In a number of the answers he stated that the facts alleged in his affirmative defenses were largely matters of which he had no personal knowledge, but what "he has been told by others and is therefore hearsay." An order was entered which recited that, "unless within five days from this date said defendant (Johnson) shall answer the same (interrogatories) under oath but not upon information and belief," the motion would be granted. Johnson was willing to answer the interrogatories upon information and belief but was unwilling to answer them under oath as to facts that had come to him by what he called hearsay.

The interrogatories were not answered. An order of default was entered against Johnson and his answer stricken. The cause then came on for trial before the court and a jury, and resulted in a verdict in favor of the plaintiff and against each of the defendants in the sum of $6,152.50, from which Johnson appeals. The Lotta Miles Tire Company did not appeal.

In one of his affirmative defenses, the appellant alleged, in substance, that the Lotta Miles Tire Company was not in truth and in fact indebted to the respondent, because it had failed to make certain credits which the Lotta Miles Tire Company was entitled to. Interrogatory number 1 sought to require Johnson to state what sum or sums the Lotta Miles Tire Company had paid to the respondent which had not been credited. By interrogatory number 2, inquiry was made as to whom an agreement alleged in the answer with reference to an extra five per cent commission on all goods bought by the Lotta Miles Tire Company was made. Interrogatory number 3 was in part answered and need not here be further referred to. Interrogatory number 4 inquired as to with whom the alleged oral agreement already referred to was made. In one of the affirmative defenses it had been alleged that the respondent, in violation of its agreement with the Lotta Miles Tire Company, had established other agencies throughout the territory of southwest Washington. By interrogatory number 7, Johnson, the appellant, was asked to give the names of such agencies. Interrogatory number 8, if answered, would have required the appellant to state whether a demand had been made by the respondent to exchange tires with the Lotta Miles Tire Company as alleged in one of his affirmative defenses. Interrogatories 5 and 6 are not involved at this time and no reference will be made to them.

[1]    The controlling question is, whether these interrogatories should have been answered. Section 1226, Rem. Comp. Stat. [P. C. § 7760], provides that

"The plaintiff, at the time of filing his complaint or afterwards, and the defendant, at the time of filing his answer or afterwards, may file in the clerk's office interrogatories for the discovery of facts and documents material to the support or defense of the action, to be answered on oath by the adverse party."

Construing this statute in *Cully v. Northern Pacific R. Co.*, 35 Wash. 241, 77 Pac. 202, it was held that the plaintiff's right to discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own side of the controversy, and does not enable him to pry into the opposite party's case. It was there said, quoting with approval the rule stated by Mr. Pomeroy, as follows:

" 'The fundamental rule on this subject is, that the plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material to his own title or cause of action; it does not enable him to pry into the defendant's case, or find out the evidence by which that case will be supported.' "

The striking of a pleading and the entering of judgment by default, because interrogatories have not been answered, is a harsh remedy and, before it can be resorted to, it must clearly appear that the facts sought to be elicited by the interrogatories are material and those which should be disclosed. In *Lawson v. Black Diamond Coal Min. Co.*, 44 Wash. 26, 86 Pac. 1120, it was said:

"But when a party invokes the harsh remedy of striking a pleading and taking a judgment by default, he must not only allege, but must prove, the facts showing the materiality of the facts of which a discovery is sought, where such materiality does not appear from

the interrogatories themselves, and no such showing was made in this case. In other words, he must prove that his adversary has failed or refused to make discovery of material facts.''

In *Hill v. Hill,* 126 Wash. 560, 219 Pac. 18, the plaintiff had alleged in her complaint a personal assault made by the defendant. The defendant by interrogatories sought to require her to state what injuries were received, how long it was until she recovered from the same, whether the assault occurred within or without the house then occupied by her as a home, whether any person or persons saw the assault and, if so, ''give the names of each and the location of each at the time,'' and it was there said:

''Seemingly, it ought not to require argument to demonstrate that the statute furnishes no sanction for interrogatories such as these.''

Without reviewing the interrogatories in the present case in further detail, it may be said that the court's ruling in striking them when the matter was first brought to its attention was correct. Its subsequent ruling in requiring the same to be answered was error. It is apparent that the purpose of the interrogatories was not to elicit facts which were material to the respondent's side of the controversy, but to make known to the respondent the evidence which would be introduced by the appellant upon the trial in his own behalf. The fact that the principal place of business of the respondent is in a distant state, and it will be put to some inconvenience as to witnesses or depositions to meet the case made by the affirmative defenses, does not change the rule.

The judgment will be reversed and the cause remanded with directions to proceed as herein indicated.

Tolman, C. J., Mitchell, Mackintosh, and Parker, JJ., concur.