[No. 21081.   Department Two.   June 13, 1928.]

Carrie Gostina *et al.*, *Respondents*, v. John W. Whitham, *as Executor, Appellant.*[1]

[1] Discovery (10) — Interrogatories — Failure to Answer.   A complaint should not be struck out for failure to answer interrogatories except upon a clear showing of prejudice, which does not appear where a continuance was offered and refused.

[2] Gifts (4, 5)—Deposit in Bank—Delivery of Check as Passing. An order upon a bank, directing the payment of ten thousand dollars "after death" of the drawer, made upon a sufficient consideration, is not void as an attempted testamentary disposition of a certain amount of the estate.

Appeal from a judgment of the superior court for King county, Kinne, J., entered October 22, 1927, upon findings in favor of the plaintiffs, in an action on a check. Affirmed.

*John W. Whitham*, for appellant.

*R. J. Meakim*, for respondents.

Askren, J.—This is an appeal from a judgment of the court in favor of the plaintiff on a claim presented to and rejected by the administrator of the estate of John Krueger, deceased.

For many years prior to his death, John Krueger made his home with the respondents. The condition of his health was such as to require a great deal of care and nursing. All of this was supplied by respondents, and no payment was ever made therefor. In June, 1924, he delivered to respondents an order in writing as follows:

"The National Bank of Commerce of Seattle
  "Pay to the order of Carrie Gostina $........
  "After death 10,000.00                    Dollars.
                              "John Krueger."

[1]Reported in 268 Pac. 132.

Krueger spent most of his time at respondents' home until a few months prior to his death, when, for some reason, he spent part of his time with another neighbor. In 1925, he made a will bequeathing his estate to brothers and sisters. The respondents presented their claim, based on the writing just set out, which was refused, and this action instituted to enforce the payment, with a favorable result.

[1] It is contended that the trial court erred in refusing to strike the complaint for failure of the respondents to answer certain interrogatories propounded to them. If it be admitted that the interrogatories were proper and that there was a long delay before they were answered, still it appears that answer to them was filed the day before the case was set for trial. An offer of continuance was made and refused by appellants. We have heretofore held that the striking of a complaint for failure to answer interrogatories is such a harsh remedy that it will not be resorted to, except upon a clear showing of prejudice to the opposing party. *Haas v. Washington Water Power Co.,* 93 Wash. 291, 160 Pac. 954; *Kelly-Springfield Tire Co. v. Lotta Miles Tire Co.,* 139 Wash. 159, 245 Pac. 921.

There is nothing in the record to indicate a prejudice to the appellants, and when a continuance was offered and refused, we think appellants can hardly say now that the failure to timely answer the questions was such a violation of the appellants' rights as to require the court to strike the complaint.

[2] Appellants' most serious contention is that the instrument sued upon can be construed as nothing more than an attempt to make a testamentary disposition of a certain amount of the estate of the decedent and therefore it is void as not being in proper form as a will, and in any event was revoked by the

will of 1925, which was executed in due form a year later. But this instrument sued upon is not a testamentary disposition of property.

An instrument founded upon a consideration, whereby one agrees to pay another a definite sum, does not partake of a testamentary character simply because the time of payment be postponed until death. *In re Griswold's Estate*, 113 Neb. 256, 202 N. W. 609; *In re Conger's Estate*, 113 Misc. Rep. 129, 184 N. Y. Supp. 74; *Lawrence v. Scurry*, 187 Iowa 1055, 175 N. W. 22; *Foxworthy v. Adams*, 136 Ky. 403, 124 S. W. 381; Ann. Cas. 1912A 327, 27 L. R. A. (N. S.) 308.

In the last cited case, the decedent, during his last sickness, had issued his check in the sum of $500 to his attending physician. Accompanying the check was a memorandum showing that he did not have the cash on hand to pay the check, and inasmuch as services had been rendered and were to be rendered, it was his desire that the doctor should receive the amount of the check from his estate. The court, after observing that, under the general rule, "a gift of one's own check is incomplete until the check has been paid or accepted by the bank," held that, inasmuch as the check was actually given in payment of services rendered and to be rendered, it had sufficient consideration to support it and make it collectible as other contracts, no matter how denominated by the maker.

It is also urged that the instrument is void, because upon its face it is too vague, indefinite and uncertain. It is said that the rule is universal that checks must be definite and certain. It is not necessary that a precise name be given this instrument, although, if a name need be accorded this writing, it is probable that it should be called a bill of exchange. 8 C. J. 40; Rem. Comp. Stat. § 3516 [P. C. § 4197].

The court having found that the instrument sued upon here was executed for a valuable consideration, and that view being sustained by the evidence, we conclude that it correctly ruled that recovery should be had thereon.

The judgment is affirmed.

FULLERTON, C. J., MAIN, HOLCOMB, and MITCHELL, JJ., concur.