[No. 26999. *En Banc.* April 8, 1938.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Bronson et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Clay Allen, Judge, Respondent.*[1]

[1]Reported in 77 P. (2d) 997.

*Wright, Jones & Bronson* and *Story Birdseye,* for relators.

*Matthew Stafford,* for respondent.

HOLCOMB, J.—On August 4, 1937, Margaret Rutschow, being the owner of 1553 shares of the capital stock of Apex Brewing Company, a corporation, entered into negotiations with Robert E. Bronson, as agent for an undisclosed principal, for the sale of her stock. Thereupon, Robert E. Bronson, one of the relators, "as attorney and agent" for undisclosed principals, and Margaret Rutschow signed a written instrument, whereby the latter agreed to sell her stock for the sum of $9,318. In accordance with the terms of the contract, the stock certificates and the money were placed in escrow with Seattle First National Bank, to be delivered to the parties, respectively, upon verification by an auditor of the brewing company's balance sheet. The audit having been made, Bronson, on September 30th following, advised the bank that the option to purchase the stock would not be exercised, and directed the escrow holder to return the stock and money to the respective owners thereof. Within a few days thereafter, Margaret Rutschow instituted an action in the superior court for King county against Bronson and wife and the bank, alleging that a completed sale of the stock had been made by the parties, and that the bank had refused to deliver the purchase price to her. Judgment was demanded

against Bronson and the marital community consisting of himself and his wife, and against the bank.

In the bank's answer to the complaint, it is alleged that Bronson's failure to carry out the option was the result of the audit, the accountant who made the same reporting that the actual net assets of Apex Brewing Company amounted to 18.75 per cent less than as shown by its balance sheet; the contract between Mrs. Rutschow and Bronson providing that the latter was obligated to complete the purchase of the stock only if the audit should show assets within ten per cent of the company's figures.

Mrs. Rutschow, in the course of her action, propounded to Bronson certain interrogatories, in the following form:

"(1) Is your name Robert E. Bronson?

"(2) Are you one of the defendants in this action?

"(3) On or about August 4, 1937, did you sign a certain document entitled 'Escrow Agreement,' a copy of which is attached to and made a part of the amended complaint in this action?

"(4) What is the name and address of the principal for whom you acted in signing said contract?

"(5) If you acted for more than one principal, what are the names and addresses of each of said principals?"

Bronson moved to strike these interrogatories, on the ground that the information which they sought to elicit was immaterial to plaintiff's cause of action as alleged in her complaint. Before final ruling upon this motion, Mr. and Mrs. Bronson were permitted to file an amended answer, in which they expressly admitted that, if it were adjudged in the action that Bronson is responsible to Mrs. Rutschow, the marital community would be liable; in other words, recognizing that the plaintiff's claim, if it should be established, would constitute the basis for a judgment against the

marital community. At the same time, defendants paid into the registry of the superior court, pursuant to a paragraph of their amended answer, the sum of ten thousand dollars in cash, stating in their answer that plaintiff should be entitled to recourse against this fund for payment of any final judgment which she might obtain in the action.

After the filing of this answer and the payment of the ten thousand dollars into the registry of the court, the court entered an order denying Bronson's motion to strike the interrogatories. Upon the entry of this order, this proceeding was instituted in this court by Robert E. and Marie Bronson, as relators, for the purpose of procuring a writ of certiorari reviewing the order of the trial court denying their motion to strike. An order to show cause why a writ of certiorari should not be issued having been made and served herein, respondent has interposed a motion to quash the order to show cause, and has also filed herein a complete return, it having been agreed by the parties in open court that if this court overrules respondent's motion to quash, the matter may be finally determined upon the merits.

The motion to quash should be, and is, denied.

Interrogatories 1, 2, and 3 have been answered by relators in the pleadings filed in the court below, and we are now concerned only with interrogatories 4 and 5.

Relator moved to strike plaintiff's interrogatories directed to him on the ground that questions 4 and 5 are not necessary to the support of the action of the plaintiff, and their purpose is not to elicit facts material to the controversy between plaintiff and defendant.

The only issue raised by the pleadings is whether the net assets of the Apex Brewing Company, as reflected in the audit made, justified Bronson's failure

to purchase the stock pursuant to the terms of the escrow agreement, and the refusal of the bank to deliver over the money for the purchase price to the seller of the stock. The plaintiff in that action, by propounding interrogatories, is engaging in a pretrial practice which did not exist at common law.

■ Rem. Rev. Stat., § 1226 [P. C. § 7760], provides:

"Instead of the examination being had at the trial, as provided by the last section, the plaintiff, at the time of filing his complaint or afterwards, and the defendant, at the time of filing his answer or afterwards, may file in the clerk's office interrogatories *for the discovery of facts and documents material to the support or defense of the action,* to be answered on oath by the adverse party." (Italics ours.)

The device which this statute recognizes and permits affords a means for the discovery of material facts relating to a controversy before the trial of a case.

Rem. Rev. Stat., § 1230 [P. C. § 7764], provides:

"If a party refuse to attend and testify at the trial, or to give his deposition, or to answer any interrogatories filed, his complaint, answer or reply may be stricken out, and judgment taken against him, and he may also, in the discretion of the court, be proceeded against as in other cases for a contempt: Provided, that the preceding sections shall not be construed so as to compel any person to answer any question where such answer may tend to criminate himself."

Relators are, of course, desirous of avoiding having meted out to them the penalties to which contumacious parties may subject themselves by refusing to answer interrogatories, namely, the striking of their pleadings and the taking of judgment against them by default.

Since Rem. Rev. Stat., § 1226, is in derogation of the common law, it must be strictly construed. Under

the language of this statute, the scope of interrogatories has been expressly restricted. It is essential that the facts sought to be elicited by the interrogatories be material to the support of the defense or of the litigant's cause of action.

"The fundamental rule on this subject is, that the plaintiff's right to a discovery does not extend to all facts which may be material to the issue, but is confined to facts which are material *to his own title or cause of action;* . . . As a direct inference of this general rule, all the facts which the plaintiff seeks to discover must be *material;* the defendant is never compelled to disclose matters which are *immaterial* as evidence to support the plaintiff's contention; he is never obliged to answer vexatious or impertinent questions, asked from curiosity or malice." 1 Pomeroy's Equity Jurisprudence (4th ed.), 292-296, § 201.

"The courts are generally agreed in the view that statutes allowing discovery should be so construed as to prevent abuse. The privilege of examining an adversary in advance of trial should not be allowed to become a means of oppression. As under the ancient practice in discovery, a mere 'fishing bill' is not tolerated. Questions which are prompted by mere curiosity or impertinence, which have no bearing upon the case, or which recklessly and unnecessarily tend to annoy or to expose private affairs, should not be allowed." 5 Jones, Commentaries on Evidence (2d ed.), 3826, § 2060.

We have uniformly held that the interrogatories must be material to the support of the action or defense of the party propounding the same. *Cully v. Northern Pac. R. Co.,* 35 Wash. 241, 77 Pac. 202; *Lawson v. Black Diamond Coal Mining Co.,* 44 Wash. 26, 86 Pac. 1120; *Brooke v. Boyd,* 80 Wash. 213, 141 Pac. 357, Ann. Cas. 1916 B, 359; *Hill v. Hill,* 126 Wash. 560, 219 Pac. 18; *Kelly-Springfield Tire Co. v. Lotta Miles Tire Co.,* 139 Wash. 159, 245 Pac. 921. To the

same effect: 2 Nichols, Applied Evidence, (1928), 1757, § 4; 18 C. J. 1102, § 79.

The burden of proving materiality, when that fact is questioned, rests upon the party propounding the interrogatories. *Lawson v. Black Diamond Coal Mining Co., supra.* After a careful consideration of the pleadings, we conclude plaintiff has not met this burden, and the facts sought to be disclosed by the interrogatories are not material to the support of her cause of action.

The interrogatories therefore must be stricken. It is so ordered.

STEINERT, C. J., MILLARD, GERAGHTY, ROBINSON, and SIMPSON, JJ., concur.

BEALS, J. (dissenting)—Margaret Rutschow is suing relators upon a contract in which relator Robert E. Bronson (who will be herein referred to as though he were the sole relator) is described "as attorney and agent for certain principals" whose names are not disclosed by the contract. Mrs. Rutschow had the right to sue the agent, Mr. Bronson, or the principals. Probably, under our liberal procedure, she could sue both, with the understanding that, as to any judgment which she might procure, she could have but one satisfaction, and would at some stage of the proceedings be put to an election. Mrs. Rutschow's right to sue the principals is based upon the contract, and inheres therein. It is a material part of her rights under the contract. "The principal is liable on all lawful contracts made in his name by his agent acting within the scope of his authority." 2 Mechem on Agency (2d ed.), 1300, § 1709. The majority hold that the interrogatories which are the subject matter of this proceeding are not material to the support of Mrs. Rutschow's cause of action. In my opinion, they

are material, and respondent superior court did not err in refusing to strike the same.

Mrs. Rutschow cannot sue relator's principals unless she knows their identity. Lacking this information, she cannot avail herself of one of the important rights which the contract gives her. This is a right "material to the support" of her action. She seeks information as to a *fact* upon which the exercise of her *right* depends. It may be absolutely necessary to one in Mrs. Rutschow's situation to be able to sue the principals with whom she was dealing, if satisfaction of any judgment which may be recovered is to be obtained, as the disclosed agent may be entirely irresponsible and unable to respond in damages. The fact that, in the case at bar, it seems beyond question that Mrs. Rutschow will be able to obtain full satisfaction of any judgment which she may recover, is immaterial. The identity of the principals is of the very essence of the contract, and in my opinion is vitally material to a cause of action based thereon. The opinion of the majority is based upon the merits of the question, and not upon any extraneous circumstances applicable to the particular situation here presented.

In 18 C. J., title "Discovery," 1102, § 79, it is stated that statutes providing for interrogatories should be liberally construed. Several authorities are cited in support of this doctrine, and none to the contrary. Clearly, the statutory right to interrogate an adverse party should not be limited by any strict construction of the statute. Probably any doubt remaining after consideration of the general rules should be resolved in favor of the proponent. Of course, the interrogatories now under consideration bear no relation to the evidence which relator will seek to introduce on the trial. The questions pertain strictly

to the plaintiff's case, and if material thereto, should be answered.

In its essence, this is an action for specific performance, and admittedly the money in the bank is the property of Mr. Bronson's principals. Suppose that the contract between the parties called for the exchange of specific personal property, such as jewels, for the stock, and the jewels were deposited in the bank, these jewels would be the property of the agent's principal, who could step in at any time, even after judgment rendered against the agent, and assert claim to the jewels, upon the ground that the agent had been guilty of a breach of trust in placing the same in the bank. In the case at bar, it may be imagined that the principals might, after judgment and before execution, in some way assert a claim to the money in the bank which Mrs. Rutschow would be required to resist. This lady is entitled to maintain her action in her own way, and if she has a right to sue Mr. Bronson's principals, if she knows their names, it would seem that knowledge of their names should be held material to her cause of action, which involves the property of the principals.

If relator and his principals had desired to insure that the latter would at all times remain undisclosed, this end might have been accomplished by including in the contract a provision to the effect that, while relator was in fact acting as an agent, the undisclosed principals should not be considered as parties to the contract. The authorities indicate that, if the contract itself excludes the undisclosed principal from liability thereon, such a contract cannot be made the basis of an action against him. 1 Restatement of the Law of Agency, 435, § 189.

It has been held (though the rule has not always been followed) that, where the principal *is known*

at the time the contract is entered into, but notwithstanding this fact the written obligation of the agent only is relied upon, this amounts to an election to give credit to the agent, and the principal may not thereafter be held liable. This rule does not apply to a case of an undisclosed principal, where the obligation of the agent is taken for the reason that the name, or the existence, of the principal is unknown. In such cases, it seems to be the well nigh universal rule that, when later the identity of the principal is discovered, the other party may sue either the principal or the agent, or both. We are not here concerned with any of the exceptions to this general rule. It is also true that, under the facts disclosed by the record, it cannot be held that Mrs. Rutschow made any binding election to sue the agent instead of the principals. The rule is correctly stated in 2 Mechem on Agency (2d ed.), 1355, § 1755, as follows:

"Any act done before knowledge of the principal, unless it amounts to an absolute discharge, extinction or merger of the debt, cannot amount to such an election to charge the agent as will release the principal when discovered.

"Thus it has been held, the taking of an agent's promissory note or acceptance for the price of goods sold to him by one who knew he was acting as agent but who did not know for whom, will not conclude the seller from holding the principal also when subsequently discovered, . . .

"The commencement of an action against the agent, before knowledge, cannot be deemed an election."

In 1 Restatement of the Law of Agency, 431, § 186, the general rule is laid down that an undisclosed principal is bound by contracts made on his account by an agent acting within his authority, save as to contracts which are negotiable, or under seal. The rule is also laid down that an agent for an undisclosed principal

is personally liable, but that the other party to the contract may elect to hold the principal when the latter is discovered, unless the contract negatives this right.

Mrs. Rutschow is endeavoring to maintain a cause of action based upon the contract. The information which she seeks concerns a fact of vital importance to her in maintaining the suit which she has brought to obtain redress because of the acts of relator and his principals in, as she alleges, refusing, without just cause, to carry out the agreement.

The principle here involved is important, and I am not in accord with the view of the majority in holding that the information sought by Mrs. Rutschow is not material to the support of her cause of action.

I agree with the majority in holding that relator is entitled to review the ruling of the trial court by certiorari. *State ex rel. Hayashi v. Ronald,* 134 Wash. 152, 235 Pac. 21.

In my opinion, the order of the respondent superior court, of which relator complains, should be affirmed.

MAIN and BLAKE, JJ., concur with BEALS, J.