[No. 5449.   Decided January 18, 1904.]

JENNIE M. KNAPP, *Respondent,* v. THE ORDER OF
PENDO, *a Mutual Benefit Association, Appellant.*[1]

TRIAL—BY JURY—FAILING TO DEMAND WHEN SET FOR TRIAL—
DISCRETION. It is discretionary to award a jury trial although the
same was not demanded when the case was set for trial in the
manner required by Laws, 1903, p. 50, and error cannot be predi-
cated thereon.

PLEADINGS — AMENDMENT — SUPPLEMENTAL COMPLAINT. It is
proper to allow the filing of a supplemental complaint to include
a demand for monthly installments accruing to the plaintiff since
the commencement of the action, one year before the trial was had.

DISCOVERY—INTERROGATORIES—ANSWER — SUFFICIENCY—DISMIS-
SAL OF ACTION. It is not error to refuse to strike a complaint and
dismiss the action for refusing to answer interrogatories, where
they were answered as soon as objections were disposed of; and,
if not sufficiently full and explicit, the remedy is by motion to
make more specific.

TRIAL—NONSUIT—REOPENING CASE. It is discretionary to deny
a motion for nonsuit, and reopen the case for further testimony.

BENEFICIAL ASSOCIATIONS—ACTION ON BENEFIT CERTIFICATE—
DEFENSES—DEMANDING BLANKS FOR PROOF OF DEATH. In an action
by a widow on a benefit certificate in a mutual association, it is
not reversible error to permit the plaintiff to prove a written de-
mand for blanks upon which to submit proof of death, there being
no obligation to furnish them, where it appears that plaintiff was
under no obligation to furnish proof of death, since the matter is
irrelevant and without prejudice.

SAME—NONSUIT—EVIDENCE—SUFFICIENCY. In such a case it is
not error to deny a motion for nonsuit for failure to prove the
truth of statements contained in the application for membership,
since their falsity was matter of defense; nor for other insuf-
ficiency in the evidence; where it appears that all dues were paid,
that it was the duty of the local secretary to present the claim
for a death loss, and that all remedies in the order had been ex-
hausted.

APPEAL AND ERROR—REVIEW—OBJECTIONS. The supreme court
will not consider objections to evidence not made below.

[1]Reported in 79 Pac. 209.

APPEAL AND ERROR—EVIDENCE OF ADMITTED FACTS. It is not prejudicial error to exclude evidence of the verdict of a coroner's jury which could only tend to prove admitted facts.

APPEAL—REVIEW—EXCLUDING EVIDENCE—HARMLESS ERROR. It is not reversible error to permit cross-examination on a subject not gone into on the examination-in-chief, where the party might have obtained the same testimony in rebuttal.

CONTINUANCE—DISCRETION OF COURT. The denial of an application for a continuance to enable the defense to procure an original paper is not error where no abuse of discretion is shown.

BENEFICIAL ASSOCIATIONS—ACTION ON BENEFIT CERTIFICATE—DEFENSE OF SUICIDAL DEATH—INSANITY—INSTRUCTIONS. In an action on a benefit certificate in a mutual association, which provided that there should be no liability in the event of death of a member by suicide, and it is claimed that the suicide was due to the member's insanity, it is proper to instruct that there is no liability if the deceased was in the possession of his ordinary faculties, but that the liability does attach if the suicide, although intentional, was committed while the reasoning faculties were so far impaired that he could not understand the character and effect of the act, or if he was impelled thereto by an insane impulse which he could not resist.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered July 22, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action upon a benefit certificate upon the death of a member of a mutual benefit association. Affirmed.

*Reynolds & Stewart,* for appellant.

*Govnor Teats* and *J. R. Buxton,* for respondent.

RUDKIN, J.—On the 17th day of April, 1902, the defendant, a mutual benefit association, organized and existing under the laws of the state of California, with branches, known as lodges or councils, in the state of Washington, issued and delivered to David Knapp, since deceased, a certificate of membership in the relief fund of said order, payable to plaintiff herein as widow of said

deceased, conditioned, among other things, for the payment of a funeral benefit of $75, and a further monthly pension of $20 per month for a period of ten years, in the event of the death of said member. Said certificate was issued upon the express condition that the statements made by the applicant in his application for such certificate of membership were true. The constitution and by-laws of the order, which were made a part of the certificate, further provide, "that in the event of the death of any member by suicide during the first year of membership, his or her beneficiary shall not be entitled to recover any benefits whatever."

The complaint was the usual form in such cases. The answer, in addition to the denials, alleged affirmatively that the deceased, in his application for membership, stated that he had never been addicted to the excessive use of malt or alcoholic stimulants, which statement was false and untrue; and, second, that the deceased came to his death within one year from the issuance of the certificate, and that his death was caused by his own voluntary, wilful, and unlawful act. The reply denied the affirmative parts of the answer, and alleged that, if the death of the said Knapp was caused by his own act, such act was not voluntary or wilful, but was the result of insanity and mental derangement. A verdict was rendered for plaintiff on the trial, and, from the judgment entered thereon, this appeal is taken. We will now briefly consider the numerous errors assigned.

(1) That the court erred in awarding the plaintiff a jury trial, for the reason that a demand therefor was not made and the jury fee paid at the time the case was called to be set for trial, as required by the act of March 6, 1903, Laws 1903, p. 50. It is within the discretion

of the trial court to permit a demand for a jury to be made after the case is called to be set for trial, or to submit the issues of fact in a case to a jury of its own motion, and no error can be predicated upon its ruling in that regard.

(2)  That the court erred in allowing the filing of a supplemental complaint. The action was not brought on for trial for about a year after its commencement. The court allowed a supplemental complaint to be filed, including the monthly installments which accrued after the commencement of the original action. The right to recover these installments followed the right of recovery in the main action as a matter of course, and the filing of the supplemental complaint was properly allowed.

(3)  That the court erred in refusing to strike the complaint and dismiss the action for the refusal of plaintiff to answer certain interrogatories propounded to her. The plaintiff objected to interrogatory number 9, for the reason that the same was immaterial and irrelevant. As soon as this objection was disposed of by the court, the interrogatory was answered. This was a sufficient compliance with the statute. Interrogatory number 11 was answered, and, if the answer was not sufficiently full and explicit, the remedy was by motion to require a more specific answer, and not by motion to dismiss. The motion to dismiss was properly overruled.

(4)  The fourth and fifth assignments relate to the refusal of the court to grant the motion for a nonsuit when first interposed, and in reopening the case to admit further proof on the part of the plaintiff. This is a common practice, and was clearly within the discretion of the trial court.

(5)  That the court erred in admitting in evidence a copy of a written demand for blanks upon which to submit

proof of death.  In support of this assignment, the appellant claims that the local lodge was under no obligation to furnish these blanks.  This seems to be true, but it is equally true that the plaintiff was under no obligation to furnish proof of her claim.  This duty is imposed upon the secretary of the local lodge.  The offer was wholly irrelevant, and no prejudice or injury resulted therefrom.

(6)  That the court erred in overruling the motion for nonsuit.  It was not incumbent upon the plaintiff to prove that the statements contained in the application for membership were true.  If false, this was matter of defense. There was evidence that all dues had been paid; the duty of presenting the claim to the supreme secretary was imposed upon the secretary of the local lodge and not upon the plaintiff, and we think it sufficiently appears that all remedies within the order had been exhausted, and that further appeal to the order would be useless, if these were material facts.  There was no merit in the motion, and the same was properly denied.

(7)  No sufficient objection was made to the testimony referred to in the eighth assignment; and this court will not consider it.

(8)  The verdict of the coroner's jury, if admitted, could only prove that the deceased came to his death by his own hand, and this was an admitted fact in the case.

(9)  The witness Rosa Carver, on her direct examination, was not interrogated as to the sanity of the deceased, or upon any subject connected therewith.  The question, asked her on cross-examination as to the sanity of the deceased and as to his actions and conduct, was not proper cross-examination, and the objection should have been sustained upon that ground.  But, inasmuch as the witness might have given the same testimony in rebuttal, the rul-

ing is not of sufficient moment to warrant a reversal of the judgment.

(10)   The application for a continuance in the midst of the trial, to enable the defense to obtain and produce the original application, was addressed to the sound discretion of the trial court, and no abuse is shown.

(11)   The first and fourth instructions given by the court of its own motion, and the third and fourth given at the request of the plaintiff, each of which was excepted to by the defendant, state the law correctly and it would serve no useful purpose to set them out at length in this opinion. The ninth instruction was properly refused, as it was not the duty of the plaintiff to file her claim with the supreme secretary of the order for the reasons already stated.

The second instruction given by the court, and the sixth, seventh, and eighth instructions requested by the defendant bore upon the question of suicide and insanity. Upon this question the court instructed the jury as follows:

"If the assured, being in the possession of his ordinary reasoning faculties, from anger, pride, jealousy, or desire to escape from the ills of life, intentionally takes his own life, the proviso attaches and there can be no recovery. If the death is caused by the voluntary act of the assured, he knowing and intending that his death shall be the result of his act, but when his reasoning faculties are so far impaired that he is not able to understand the moral character, the general nature, consequences and effect of the act he is about to commit, or when he is impelled thereto by an insane impulse which he has not the power to resist, such death is not within the contemplation of the parties to the contract, and the defendant is liable."

The above instruction is in the language of the supreme court of the United States in the case of *Life Insurance Co. v. Terry,* 15 Wall. 580, and meets with the approval of this court. See, also, *Blackstone v. Standard Life etc.*

*Ins. Co.,* 74 Mich. 592, 42 N. W. 156, 3 L. R. A. 486, and cases there cited. There was no error in the giving or refusing of instructions.

The other assignments are not well taken, and deserve no special comment. Finding no reversible error in the record, the judgment of the court below is affirmed.

MOUNT, C. J., and FULLERTON, DUNBAR, and HADLEY, JJ., concur.