López, Petitioner, *v.* District Court of Ponce, Respondent.

Petition for a Writ of Certiorari to the District Court of Ponce.

No. 410.—Decided May 22, 1923.

Appeal—Appeals from Municipal Courts—Pleading—Supplementary Complaint.—After an appeal from a municipal court has been filed in a district court the latter may give the plaintiff permission to file a supplementary complaint setting up material facts which occurred after the action had been brought in the municipal court. Section 134 of the Code of Civil Procedure is applicable to appeals from municipal courts.

Id.—Id.—Id.—Id.—Instalments of a debt maturing after the commencement of an action may be included in a supplementary complaint.

The facts are stated in the opinion.
*Mr. C. Brunet* for the petitioner.
*Mr. D. Sepúlveda* for the adverse party.

Mr. Chief Justice Del Toro delivered the opinion of the court.

It appearing from the petition that a question of procedure was involved, the court issued the writ of certiorari. The petitioner brought an action in the Municipal Court of Ponce against Guillermo Conde to recover the sum of $153.47 together with interest and the costs. The plaintiff alleged that in the liquidation of the civil partnership of López & Conde the defendant became his debtor to the amount of $303.47; that he agreed to pay the debt at the rate of $15 a week and actually paid $150; that the last two instalments were due and had not been paid by the de-

fendant according to his agreement, and that the defendant was insolvent.

The defendant confessed judgment for the instalments really due. After trial the court rendered judgment against the defendant for the two instalments due and unpaid referred to in the complaint.

The plaintiff appealed and on March 4, 1923, or about five months after the action had been brought and the case being then in the district court, he moved that court for permission to amend his complaint to the effect that the defendant had failed to pay the weekly instalments from September, 1922, to the date of the amendment. The prayer of the amended complaint was as follows:

"Adjudging that defendant Guillermo Conde pay to the plaintiff the two weekly instalments that he had failed to pay when this action was brought and also all of the weekly instalments that have become due since the complaint was filed, amounting in all to $153.47, with interest at the legal rate and the costs of this suit."

The petitioner invokes section 134 of the Code of Civil Procedure, which provides that the plaintiff and defendant, respectively, may be allowed, on motion, to make a supplemental complaint or answer alleging facts material to the case occurring after the former complaint or answer, and the case of *Knapp* v. *Order of Pendo,* 36 Wash. 601, in which it was held that "It is proper to allow the filing of a supplemental complaint to include a demand for monthly instalments accruing to the plaintiff since the commencement of the action."

This being so and the new instalments having become due after the complaint was filed, in accordance with the law and the jurisprudence the supplemental pleading should have been allowed. But the defendant maintains that the order of the court refusing to grant the premission was well founded, because this was an appeal which is regulated by a special statute which expressly prescribes the amendments

that may be allowed, among which a supplemental complaint is not included. See the Act to regulate appeals from judgments of Municipal courts in civil cases of March 11, 1908, section 3 of which reads in part as follows:

"  *   *   *   When the appeal is called for trial the court shall, on motion of the appellant, review and consider any preliminary orders, decisions or rulings by which he considers himself to have been aggrieved. Such questions having been determined, the cause shall proceed to trial unless the court shall have considered that the complaint or answer is subject to demurrer, in which event the court in its discretion may permit such complaint or answer to be amended. The action being finally at issue, the trial shall be held as a trial *de novo,* and shall be governed by all provisions of law and rules of court affecting trials of actions originally brought in the district courts.   *   *   * "

Although neither the part quoted nor any other part of the Act gives the express authorization contained in section 134 of the Code of Civil Procedure, in our opinion nothing in the Act is opposed to the following of such procedure as is in harmony with the well understood nature of a trial *de novo* and with the good practice which requires that after a case is duly submitted to a court it should be fully disposed of with the least possible delay.

Cyc. sums up the jurisprudence as follows:

"A trial *de novo* means a trial anew in the appellate tribunal, according to the usual or prescribed mode of procedure in other cases, involving similar questions, whether of law or fact."   *   *   *

"On a new trial in the appellate court the whole case is open for judicial inspection. All questions may be presented which legitimately arise on the record, whether urged or relied on in the lower court or not. But the court will not review the evidence in detail."   *   *   *

"While pleas in bar may be introduced as well on the appeal as upon the original hearing, the rule is that pleas in abatement should be interposed at the first opportunity in the court below.

"For the same reasons which allow new pleadings to be filed, the appellate court may permit amendments to be made in trials

*de novo* as freely as though the action had been originally begun in the appellate court, provided such amendments do not change the cause of action sued on in the lower court. If, upon inspection, the pleadings prove to be so informal as to be senseless, repugnant, ambiguous,. argumentative, or so indefinite as to make the trial of any issue embarrassing, an amendment should always be allowed, but not to the extent of raising any new or substantially different issue from the one tried in the lower court.

"If, however, the jurisdiction of either the appellate court or the court below would be affected by the amendment, it cannot be made." 3 Cyc. 260–264.

If the case had remained pending in the municipal court, there is not the least doubt that the supplemental pleading would have been allowed there. The amount involved was within the jurisdiction of the court. The fact that the case was in the district court did not change the nature of the proceedings, it being a trial *de novo*. By virtue of the appeal the judgment appealed from was absolutely ineffective and the case had to be tried as if originally brought in the district court. In *Muriente* v. *Terrasa et al.*, 22 P. R. R. 686, 695, this court said:

"Could a judgment be rendered by the district court placing the defendant-appellant in a worse position? In our opinion it could be because in appeals from municipal courts to district courts the cases are tried *de novo* and therefore the judgment appealed from is not reversed, affirmed, or modified, but another judgment is rendered based on the pleadings and evidence produced in the appellate court."

The order of which the petitioner complains must be reversed and the case remanded to the court of its origin for further proceedings in conformity with the law and the rules laid down in this opinion.

*Order set aside.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.