LÓPEZ, PETICIONARIO, *v.* LA CORTE DE DISTRITO DE PONCE, DEMANDADA.

SOLICITUD para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Ponce, Hon. Rafael Díaz Cintrón, Juez.

No. 410.—Resuelto en mayo 22, 1923.

CORTES DE DISTRITO—APELACIONES PROCEDENTES DE CORTES MUNICIPALES—ENMIENDAS A LAS ALEGACIONES—DEMANDA SUPLETORIA.—Un demandante, con permiso de la corte, puede presentar en la corte de distrito, después de radicada la apelación procedente de la corte municipal, una demanda supletoria alegando hechos esenciales ocurridos después de iniciada la acción en la corte municipal. El artículo 134 del Código de Enjuiciamiento Civil es de aplicación a las apelaciones procedentes de cortes municipales.

DEMANDA COMPLEMENTARIA—PLAZOS VENCIDOS.—Plazos vencidos después del comienzo de una acción, pueden alegarse en una demanda complementaria.

Los hechos están expresados en la opinión.

Abogado del peticionario: *Sr. C. Brunet.*

Abogado de la parte contraria: *Sr. D. Sepúlveda.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Apareciendo de la solicitud presentada que estaba envuelta una cuestión de procedimiento, el tribunal expidió el auto de *certiorari.* El peticionario entabló demanda en la Corte Municipal de Ponce contra Guillermo Conde pidiendo que fuera condenado a pagarle $153.47, intereses y costas. Alegó el demandante que a virtud de la liquidación de la sociedad civil "López y Conde" el demandado Conde quedó a deberle $303.47 comprometiéndose a pagarlos a razón de $15 semanales llegando a abonar $150, y que habían vencido los

dos últimos plazos sin que el demandado, que se hallaba en estado de insolvencia, hiciera los abonos convenidos.

El demandado se avino a que se dictara sentencia contra él por los plazos realmente vencidos. Celebrada la vista, la corte dictó sentencia condenando al demandado a pagar los plazos vencidos y no satisfechos a que se refería la demanda, o sean dos.

Apeló el demandante y el 4 de marzo de 1923 cerca de cinco meses después de interpuesta su acción, radicado ya el asunto en la corte de distrito, pidió a ésta que le permitiera enmendar su demanda alegando en ella que el demandado había dejado de pagar los plazos semanales desde septiembre, 1922, a la fecha de la enmienda. La súplica de la demanda enmendada quedaba redactada así:

"Condenando al demandado Guillermo Conde a pagar al demandante, además de las dos semanas que dejara de pagar al iniciarse esta acción, todos los semanales que han transcurrido desde la interposición de esta demanda, hasta la suma total de $153.47. más los intereses legales, y las costas de esta acción."

Invoca el peticionario el artículo 134 del Código de Enjuiciamiento Civil que establece que al demandante y demandado, respectivamente, podrá permitírseles, previa moción, presentar una demanda o contestación complementaria, alegando hechos esenciales al caso ocurridos después de la anterior demanda o contestación, y el caso de *Knapp* v. *Order of Pendo,* 36 Wash. 601, en el que se decidió que "Un plazo vencido después del comienzo de una acción fué propiamente permitido que se alegara en una demanda supletoria."

Siendo ello así, habiendo el vencimiento de los nuevos plazos ocurrido después de archivada la demanda, de acuerdo con la ley y la jurisprudencia claramente procedía la alegación supletoria. Pero se sostiene por la parte demandada que la orden de la corte que negó el permiso está bien fun-

dada porque aquí se trata de un pleito en apelación que se regula por una ley especial, que expresamente determina las enmiendas que pueden permitirse entre las cuales no se encuentra el archivo de una demanda complementaria. Ley para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles, aprobada en 11 de marzo de 1908.

La sección 3 de la ley invocada, en lo pertinente, dice:

"* * * Al anunciarse la vista de la apelación el Tribunal, a instancia del apelante, revisará y tomará en consideración cualesquiera providencias, resoluciones u autos por los cuales se creyere aquél perjudicado. Resueltas que fueren estas cuestiones, se procederá a la vista de la causa, a menos que la corte estimare que la demanda o contestación está sujeta a excepción previa, y en tal caso, la corte, a su arbitrio, podrá permitir que se enmiende dicha demanda o contestación. Una vez dispuesto el pleito para la vista, se tramitará como nuevo juicio, rigiendo para el mismo todas las disposiciones y reglamentos judiciales que afecten a la vista de pleitos originalmente entablados ante las cortes de distrito. * * * *"

Si bien no aparece en lo transcrito, ni en ninguna otra parte de la ley, la autorización expresa contenida en el art. 134 del Código de Enjuiciamiento Civil, nada a nuestro juicio se opone en ella a que se siga tal procedimiento que está en armonía con la bien entendida naturaleza de un juicio *de novo,* y con la buena práctica que requiere que una vez que un caso se someta debidamente a una corte de justicia, quede resuelto por completo en el término más breve que sea posible.

Cyc., resumiendo la jurisprudencia, dice:

"Un juicio *de novo* quiere decir un nuevo juicio en el tribunal de apelación de conformidad con la forma de procedimiento usual o prescrita para otros casos que envuelven cuestiones semejantes, ya sean de hecho o de derecho."

"Al celebrarse un nuevo juicio en la corte de apelación todo el caso queda abierto a la inspección judicial. Pueden someterse to-

das las cuestiones que surjan legítimamente de los autos hayan o no sido alegadas o servido de fundamento en la corte inferior. Pero la corte no revisará la prueba en sus pormenores.''

''El caso ha de celebrarse ante la corte de apelación por virtud de las mismas cuestiones que fueron planteadas en la corte inferior, a menos que nueva materia haya surgido desde la celebración del juicio, o se haga un cambio después de obtenerse permiso de la corte de apelación.''

''Si bien las alegaciones en que se niega que exista causa de acción pueden hacerse lo mismo en la apelación que en la vista original, la regla es que las alegaciones cuyo objeto es anular el procedimiento por ser defectuoso deben formularse en la primer oportunidad ante la corte inferior.''

''Por las mismas razones por las cuales se permite la radicación de nuevas alegaciones, puede la corte de apelación permitir hacer enmiendas en juicios *de novo* con tanta liberalidad como si hubiera sido establecida la acción en la corte de apelación siempre que dichas enmiendas no varíen la causa de acción establecida en la corte inferior. Si al considerarse las alegaciones resultasen tan informales que carezcan de sentido, sean contrarias, ambiguas y argumentativas, o tan vagas que se haga dificultoso el poder conocer de cualquier cuestión que haya sido planteada, deberá siempre permitirse una enmienda, pero no hasta el punto de levantarse ninguna cuestión nueva o sustancialmente distinta de la que fué discutida en la corte inferior.''

''Sin embargo, si la jurisdicción, ya de la corte de apelación o de la corte inferior, fuera afectada por la enmienda, ésta no puede hacerse.'' 3 Cyc. 260–264.

Si el pleito hubiera permanecido sin resolverse en la corte municipal, no hubiera existido la más leve duda de que allí hubiera procedido la alegación supletoria. La cuantía envuelta quedaba dentro de la jurisdicción de la corte. El hecho de que se encontrara en la corte de distrito no varía la naturaleza del procedimiento, tratándose de un juicio *de novo*. A virtud de la apelación, la sentencia apelada queda enteramente sin efecto, y el caso se juzga como si originalmente se hubiera iniciado en la corte de distrito. En *Muriente* v. *Terrasa et al.,* 22 D. P. R. 738, 748, esta corte dijo:

"¿Podría dictarse en la corte de distrito una sentencia que empeorara la situación del demandado apelante? A nuestro juicio podía, porque por virtud de las apelaciones de las sentencias dictadas por las cortes municipales para ante las de distrito, el juicio se celebra *de novo,* no debiendo, en tal virtud, revocarse, confirmarse o modificarse la sentencia apelada, sino dictarse otra nueva basada en las alegaciones y las pruebas hechas y practicadas en la corte de apelación."

Debe revocarse la orden de que se queja el peticionario y devolverse los autos a la corte de su origen para que continúe tramitándolos de acuerdo con la ley y los principios establecidos en esta opinión.

*Anulada la orden de abril 17, 1923.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.