[No. 19906. Department Two. October 4, 1926.]

ANNA M. SCHMIT, *Respondent,* v. FRED C. CAMPBELL, *Appellant.*[1]

[1] DISCOVERY (2, 5)—MATTERS MATERIAL TO DEFENSE. Interrogatories propounded by the defense, under Rem. Comp. Stat., § 1226, providing for a discovery of facts material to the support or defense of the action, must be material to the defense.

[2] APPEAL (440) — HARMLESS ERROR — PLEADING — STRIKING OUT. Error in striking a motion for a bill of particulars is harmless, where it is apparent that appellant was not prejudiced thereby.

[3] PLEADING (126)—SUPPLEMENTAL COMPLAINT—RIGHT TO FILE. It is proper to allow a supplemental complaint to be filed at the trial, covering continuing liability during the time intervening since the commencement of the action.

[4] PARENT AND CHILD (4-1)—SUPPORT AND EDUCATION—LIABILITY OF PARENT. In an action for board and lodging furnished to defendant's minor sons, items for music lessons and medicine are proper, where, on previous occasions, defendant had approved similar charges.

[5] SAME (4-1). Where a claim for board and lodging, furnished to defendant's minor sons, is based upon an express contract to pay for the same, there is no room for the application of the rule of non-liability in the case of a minor voluntarily leaving his parents' roof.

[6] SAME (4-1). In an action for board and lodging furnished to defendant's minor sons, under an express contract to pay for the

[1]Reported in 249 Pac. 487.

same, it is sufficient to instruct that there cannot be any liability if plaintiff enticed or persuaded the boys to remain after request of the parent that they be returned to him.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 21, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*H. A. Martin,* for appellant.

*J. L. Corrigan,* for respondent.

MAIN, J.—The complaint in this case separately states three causes of action, the first two of which are upon promissory notes, and by the third, recovery is sought for board and lodging furnished by the plaintiff to the defendant's two minor sons. The resistance of the defendant is directed principally to the third cause of action. The cause was tried to the court and a jury and resulted in a verdict in favor of the plaintiff in the sum of $4,845.13. A motion for new trial being interposed and overruled, judgment was entered upon the verdict, and the defendant appeals.

In October, 1916, the appellant's wife died and left two boys, sons of the appellant, who were then aged respectively seven and ten years. Prior to this time, the respondent had been a member of the appellant's family for seven years. After the death of the appellant's wife, the respondent became the housekeeper. From time to time, the appellant gave the respondent notes for his indebtedness to her and these were renewed as they became due. This arrangement continued until on or about September 15, 1919, when the appellant sold the furniture of the house, and placed the boys in St. Martins' College at Lacey, this state. He then made a trip to the state of Minnesota.

About every two weeks after the boys were placed in school, the respondent, being their aunt and the

sister of their mother, visited them. They were dissatisfied and wanted to leave, one of them threatening to run away if he was not permitted to do so. On or about November 15, 1919, the boys left the school and took up their abode with the respondent. They lived with her thereafter until the time of the trial. After they left the school, the head director thereof notified the appellant and one of the boys wrote him a letter to the same effect. The respondent says that she sent him a telegram informing him as to the boys leaving.

After the appellant returned to the state of Washington, the respondent had some talk with him from time to time about being paid for the board and lodging of the boys. She testified that, sometime during the year 1921, he expressly agreed to pay her ten dollars per week, and thereafter paid her small sums from time to time. In 1923, the appellant remarried and thereafter desired the boys to come and live with him. They preferred, however, to live with their aunt, the respondent, and continued to do so. The present action was begun on February 5, 1925, for the purpose above stated.

[1, 2]   The appellant first complains of the ruling of the trial court in striking the interrogatories propounded by him and in striking his motion for a bill of particulars. There was no error in either of these respects. The interrogatories were properly stricken under the holding of this court in *Hill v. Hill,* 126 Wash. 560, 219 Pac. 18, and other similar holdings. If it.be assumed, however, that the court was in error in striking the interrogatories and the motion for bill of particulars, this would not work a reversal because it is apparent from the record that the appellant was not prejudiced thereby. He was prepared apparently on the trial to meet every issue tendered.

[3] It is next contended that the court erred in allowing the filing of a supplemental complaint which covered the board and lodging from the time the action was begun until the time of trial. The ruling of the court in this regard was in accordance with the prior holdings of this court. *Pacific Bridge Co. v. United States Fidelity & Guar. Co.,* 33 Wash. 47, 73 Pac. 772; *Knapp v. Order of Pendo,* 36 Wash. 601, 79 Pac. 209.

[4] It is next contended that there was error in the admission of testimony in support of an item of $74.70 for music lessons and medicine for the boys. This item was proper because, as the respondent testified, on previous occasions the appellant had approved statements covering similar charges.

[5] The chief objection of the appellant appears to be with reference to the instructions given and the refusal of the trial court to give requested instructions. The appellant invokes the rule of law to the effect that, where a child leaves the parent's house voluntarily and for the purpose of seeking his fortune in the world or to avoid discipline and restraint, he carries with him no credit and the parent is under no obligation to pay for his support. That rule is not applicable to the facts in the present case, because here the respondent bases her claim for board and lodging upon an express contract. This, of course, is denied by the appellant, and he claims that there was a settlement and the board and lodging included in the last notes given, which are the basis of the first and second causes of action. This presented a question of fact upon which the jury's verdict is controlling. In passing it may be said that there does not appear to us to be any serious question in this case other than questions of fact. The respondent claims that the appellant approved of her removing the boys from school and taking them into her home and, as stated above, expressly agreed to pay a specified

sum per week for their board and lodging. If he rati-
fied their removal from school and agreed to pay the
respondent for their board and lodging, a recovery
therefor can be had. In *McGoon v. Irvin*, 1 Pin. (Wis.)
526, it was said:

"And when a parent permits a stranger to maintain,
support and instruct such children, in no way objecting
to the act, but rather assenting and advising therein,
the law will presume that he knows his obligations,
accepts the services and assumes to pay."

The fact that the promise was not made until after
a part of the services had been rendered does not defeat
the obligation. In *Wiggins v. Keizer*, 6 Ind. 252, it is
said:

"The appellant objects, that, as to the past services,
the promise was not binding; but it was an entire con-
tract, embracing the past and the future."

[6] The appellant claims that, after his remarriage
in 1923, he desired the boys to come and live with him
and that thereafter, in any event, he is not liable for
their board and lodging subsequent to that time. He
requested an instruction to this effect. An instruction
as follows was given:

"If you find that he did make an agreement to reim-
burse her and that after such agreement he advised her
that he wished to maintain the boys in his own home,
and that he would not after such date be responsible
to her for any further services, then if she thereafter
enticed, persuaded or induced the boys to remain with
her, contrary to the father's will and desire, then dur-
ing such period, he would not be responsible to her."

That instruction submitted the matter to the jury
and was sufficient.

The authorities involving the right of one furnishing
necessities to a minor child to recover from the parent
upon an implied contract have no bearing in this case.

The instructions given by the trial court covered all the issues made by the evidence and submitted all questions of fact to the jury. The instructions requested and refused, so far as appropriate under the facts of this case, were in effect covered by the instructions given. As stated, the substantial questions in the case are those of fact, and they were determined adversely to the appellant's contention. The jury's verdict must control.

The judgment will be affirmed.

TOLMAN, C. J., MITCHELL, PARKER, and MACKINTOSH, JJ., concur.