[No. 2426-3. Division Three. June 13, 1978.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT LAWRENCE MCNAIRY, *Appellant.*

*Robert D. McGoldrick, P.S.,* for appellant (appointed counsel for appeal).

*Donald C. Brockett, Prosecuting Attorney,* and *James M. Parkins, Deputy,* for respondent.

GREEN, J.—On April 4, 1977, Robert L. McNairy was tried before a retired judge sitting as a judge pro tempore in Spokane County. He was convicted on a charge of second-degree rape, and he appeals.

We reach only one issue: Did the retired judge have jurisdiction to hear this matter?

Questioning during oral argument before this court revealed that neither Mr. McNairy nor his counsel had agreed in writing to a trial by a judge pro tempore. RCW 2.08.180[1] and Const. art. 4, § 7,[2] require a written stipulation by the litigants or their attorneys of record before a judge pro tempore may hear a case. Therefore, this court requested[3] that the parties submit such additional portions of the record as might be necessary to show that the retired judge was qualified to sit as a judge pro tempore under the constitution and statute.

Counsel for the defendant and the State, respectively, indicated that they did not recall the defendant's agreeing to a pro tempore judge either in writing or orally in open court. Counsel for the State remembers a discussion in chambers regarding the acceptance of the judge by both parties. However, the defendant's attorney noted that he looked upon the judge as a visiting judge from a neighboring county.[4] A visiting judge has the power to hear cases without the formality of a written stipulation. RCW 2.08-.150; *State ex rel. Calhoun v. Superior Court,* 86 Wash. 492, 496, 150 P. 1168 (1915).

---

[1]RCW 2.08.180 reads:

"A case in the superior court . . . may be tried by a judge pro tempore, who must be a member of the bar, agreed upon in writing by the parties litigant, or their attorneys of record, approved by the court, and sworn to try the case . . ."

[2]RCW 2.08.180 uses language identical to that found in Const. art. 4, § 7.

[3]RAP 12.1(b) provides that the appellate court may raise any issue on its own motion which it concludes should be considered to properly decide a case.

[4]This particular judge was recently retired and had sat as a visiting judge in Spokane County on numerous prior occasions.

█ The essential element to the valid appointment of a judge pro tempore is the consent of the parties. *National Bank of Washington v. McCrillis,* 15 Wn.2d 345, 357, 130 P.2d 901, 144 A.L.R. 1197 (1942). Since this element is a jurisdictional requirement, it may be raised at any time. *National Bank of Washington v. McCrillis, supra* at 360. The State seeks to limit *McCrillis* to the facts of that case, *i.e.,* to cases in which the party was neither present in court nor represented by counsel. We have reviewed *McCrillis* and are convinced that the court did not intend so narrow a reading of its holding. Where, as here, the defendant was not aware of the judge's pro tempore status, but mistakenly believed he was a visiting judge, he could not have consented to a hearing before a pro tempore judge within the meaning of the statute.

Nevertheless, the State urges that Mr. McNairy is estopped from raising the question of his consent because he and his counsel appeared and tried the case before the judge pro tempore. The State relies upon *State ex rel. Cougill v. Sachs,* 3 Wash. 691, 29 P. 446 (1892), where the court found substantial compliance with the statute based upon an oral agreement contained in the record. Here, there was no agreement on the record or apart from it. In fact, the defendant believed he was trying the case before a visiting judge.

Consequently, we reverse the judgment of the trial court for lack of jurisdiction and remand this case for a new trial.

MUNSON, C.J., and ROE, J., concur.