[No. 21774–7–I.   Division One.   June 5, 1989.]

RON COLE, ET AL, *Appellants,* v. THE DEPARTMENT
OF SOCIAL AND HEALTH SERVICES, *Respondent.*

*Inara M. Rottluff,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Wilhelm Dingler, Assistant,* for respondent.

FORREST, J.—Ron and Annette Cole appeal from a superior court order upholding a decision of an administrative law judge that assessed a child support debt against them for the period when their children had been declared dependent and had been placed in foster care. We affirm in part, reverse in part, and remand for further consideration.

The Coles are the parents of three children. On August 3, 1983, dependency petitions were filed for all three, based on allegations of sexual abuse, physical abuse, and failure to

protect. On August 10, 1983, an "Agreed Shelter Care Order" was signed by a judge pro tempore. In October 1983, all three children were found to be dependent and were continued in foster care. The findings of dependency were appealed, and this court reversed the dependencies of the two younger children. *In re Cole,* unpublished opinion noted at 41 Wn. App. 1024 (1985).

On February 4, 1984, Department of Social and Health Services (DSHS) served the Coles with a notice and finding of financial responsibility, seeking reimbursement of the foster care costs expended by the State during the children's dependencies. The Coles timely filed a hearing request. They sought a discovery order to allow them to depose the foster parent and caseworker, based on their allegations that the children were being mistreated by the foster parent and that the foster care payments made were not being used to care for the children. The request was denied.

At the hearing, the Coles presented documentation of their income and expenses, including costs incurred in court–ordered counseling and attorney and expert fees incurred in challenging the dependencies. The administrative law judge (ALJ) refused to deduct these latter expenses when calculating the Coles' ability to pay. The ALJ made findings as to the accrued support debt and the Coles' ability to reimburse DSHS, and concluded that the Coles were the responsible parents, that they had the ability to reimburse, that the defenses they presented were not valid, and that future support levels should be established. The Coles appealed to the administrative review judge, who affirmed the ALJ decision, and timely appealed to the Superior Court, which affirmed the administrative decision. They appeal from the Superior Court order, raising five issues.

# I
## AUTHORITY TO DETERMINE AND COLLECT REIMBURSEMENT

The Coles argue that the Office of Support Enforcement lacked the authority to determine and collect reimbursement for foster care costs expended by the State for the care of their children during their dependencies. They contend that the statutes providing for reimbursement of public assistance expenditures, RCW 74.20 and 74.20A, lack a definition of "dependent child" consistent with RCW 13.34. They further contend that those statutes only allow for reimbursement of "payment of public assistance" or "public assistance money", and that case law has restricted these terms to mean "some kind of welfare grant." *Department of Social & Health Servs. v. Gerlack,* 25 Wn. App. 541, 612 P.2d 382 (1980). The Coles apparently contend that foster care payments do not fall within these terms, making reimbursement unavailable. Finally, they argue that RCW 13.34.160 provides the mechanism for assessing support payments during a child's dependency, that RCW 13.34.170 provides the mechanism for enforcement of such assessments, and that RCW 13.34.130 gives the juvenile court exclusive jurisdiction over those mechanisms, such that DSHS and the Office of Support Enforcement acted without jurisdiction.

RCW 74.20A.055(1) provides that DSHS "*may, in the absence of a superior court order,* serve on the responsible parent or parents a notice and finding of financial responsibility . . ." (Italics ours.) RCW 13.34.160 provides that "[i]n any case in which the court shall find the child dependent, . . . the court may enter such order or decree [to support the dependent child or contribute thereto] . . ." The dependency orders for the Cole children did not contain support orders or decrees. Accordingly, RCW

74.20A.055 provides DSHS and its Office of Support Enforcement with authority to determine and collect the accrued foster care expenditures. Foster care payments are vendor payments of public assistance funds, RCW 74.13-.020; WAC 388–70–010(2), and therefore are reimbursable under RCW 74.20 and 74.20A.

If anything, *Gerlack* favors DSHS. In *Gerlack,* the court considered whether a parent's receipt of food stamps and state medical care payments meant that the parent was a "recipient of public assistance moneys for the benefit of minor dependent children" and thus not responsible for the children's support. *Department of Social & Health Servs. v. Gerlack,* at 545. The court held that the payments would not be considered "public assistance moneys", keeping intact the parent's obligation to reimburse the State for child support, and stated "[t]hese interpretations tend to advance the law's purpose of recovering state child support expenditures to the extent possible." *Department of Social & Health Servs. v. Gerlack,* 25 Wn. App. at 547. Given such a purpose, DSHS has the authority to determine and assess the Coles' accrued support debt.

## II
### RIGHT TO JURY TRIAL

The Coles contend that they had a right to a jury trial to determine their accrued support debt. The Coles assert that actions by third parties for reimbursement of expenses, which are the responsibility of the parents under RCW 26.16.205, are actions at law and are triable to a jury. *Schmit v. Campbell,* 140 Wash. 376, 249 P. 487 (1926); *Esteb v. Esteb,* 138 Wash. 174, 244 P. 264, 246 P. 27, 47 A.L.R. 110 (1926).

These cases are factually distinguishable. In *Schmit,* the father breached a contract with the guardian of his children to pay their expenses. No intervention by the State was involved. In *Esteb,* while noting that a child's "necessities" are usually determined by a jury, the court affirmed a divorce modification entered by the court sitting without a

jury that required a father to pay his daughter's college expenses.

■■ Article 1, section 21 of the Washington State Constitution has been held to guarantee jury trials where the right to a jury trial "existed at the time of the adoption of the constitution." *In re Marriage of Firchau,* 88 Wn.2d 109, 114, 558 P.2d 194 (1977). In *State ex rel. Goodner v. Speed,* 96 Wn.2d 838, 640 P.2d 13, *cert. denied,* 459 U.S. 863 (1982), the court held that no right to a jury trial existed in paternity proceeding before the enactment of the state constitution, making constitutional the requirement of a bench trial in such proceedings. More recently, the court has reaffirmed that there is no right to a jury trial in juvenile offenses. *State v. Schaaf,* 109 Wn.2d 1, 743 P.2d 240 (1987). The Coles have not demonstrated that a right to a jury trial regarding reimbursement of foster care expenditures predates the enactment of the state constitution. Without such a demonstration, the Coles were not impermissibly denied a jury trial.

## III
### DUE PROCESS AND EQUAL PROTECTION

The Coles argue that they were denied their rights to due process and equal protection because the administrative procedure defined in RCW 74.20A.055 restricts the defenses that parents may assert. Specifically, they contend that they should have been allowed to raise as defenses the necessity of foster care, the quality of the care, and the application of the state expenditures for the foster children's benefit. They contend that they were denied due process because actions by third persons for reimbursement of child care expenses from parents were recognized at common law, and therefore all defenses and counterclaims recognized in such actions should have been available in the administrative proceeding. They contend that they were denied equal protection because parents involved in dissolution proceedings and paternity proceedings have a right to fully litigate issues of child support, while parents whose

children are removed from their custody because of dependency proceedings are denied this right without a rational basis.

▇▇▇ The Coles had and took the opportunity to litigate the dependencies of their children in the juvenile court, including the question of the necessity of foster care. The proper forum for litigating questions of the quality of the foster care or the application of foster care payments was either in the juvenile court during the dependency litigation or in an independent action against DSHS. The administrative proceedings under RCW 74.20A.055 were established to determine the amount and rate of reimbursement for foster care expenditures, not to contest the necessity for or quality of the foster care. Accordingly, the restriction of defenses in the administrative proceeding has a rational basis. Neither due process nor equal protection was denied the Coles.

### IV
#### LITIGATION EXPENSES AS "NECESSITIES"

The Coles contend that the ALJ acted arbitrarily and capriciously by refusing to deduct the Coles' litigation expenses regarding the dependencies as "necessities", thereby reducing the income available for reimbursing the State. They argue that refusing to deduct these costs would deprive them of their rights to counsel.

The State responds that the refusal to treat litigation costs as "necessities" for purposes of determining ability to pay is consistent with the Legislature's expressed policy that RCW 74.20A be construed to the end that children shall be maintained from the resources of their parents. RCW 74.20A.010; *State v. Wood*, 89 Wn.2d 97, 569 P.2d 1148 (1977) (construing paternity statute).

▇▇▇ The Supreme Court has recognized that the interests of parents in dependency proceedings are so important as to require the appointment of counsel to indigent parents in such proceedings. *In re Luscier*, 84 Wn.2d 135, 138, 524 P.2d 906 (1974); *In re Myricks*, 85 Wn.2d 252, 254–55, 533 P.2d 841 (1975); *In re Moseley*, 34 Wn. App. 179, 184,

660 P.2d 315, *review denied,* 99 Wn.2d 1018 (1983). Accordingly, litigation expenses incurred by nonindigent parents in contesting a dependency proceeding must be considered "necessities" in determining the ability of the parents to pay an accrued foster care obligation. The refusal to consider those costs in determining the Coles' ability to pay was an error of law.

■ The Coles also assert that the ALJ acted arbitrarily and capriciously in assessing support debts for August, September, and October 1983, because the "Agreed Shelter Care Order" was signed by a judge pro tempore without a signed agreement by the parties to the service of a judge pro tempore. RCW 2.08.180; *State v. McNairy,* 20 Wn. App. 438, 580 P.2d 650 (1978). There is no indication in the record that the challenge to the pro tempore judge was raised below, and therefore it will not be considered here. Further, by approving for entry the "Agreed Shelter Care Order" counsel representing the Coles waived any objection to the authority of the judge.

V

EFFECT OF REVERSAL OF DEPENDENCY
ON SUPPORT DEBT

■ The Coles argue that because this court reversed the dependency orders for their two younger children and noted that there were "manifest technical irregularities" with the dependency of the oldest child (although the dependency was affirmed), DSHS should not be allowed to seek reimbursement for foster care costs. We agree that reimbursement is not appropriate when the dependency is reversed. Former WAC 388–11–065(10) provides the following affirmative defense in a financial responsibility hearing:

> The responsible parent, pursuant to chapter 74.20 RCW, should be excused from making support payments for the child or children, receiving or on whose behalf public assistance was provided under chapter 74.12 RCW, because the responsible parent is the legal custodian of the child or children *and has been wrongfully*

*deprived of physical custody of the child or children: Provided however,* That the responsible parent may only be excused from making support payments for the period or periods during which the responsible parent was wrongfully deprived of custody. . . .

(Italics ours.)

In this case, the reversal of the dependencies of the two younger children establishes that the Coles were wrongfully deprived of physical custody. Accordingly, the Coles should not have been found financially responsible for the foster care costs expended during the dependencies of those children. Because this court affirmed the dependency of the older child, the finding of financial responsibility as to him was appropriate, notwithstanding the court's comments as to the "manifest technical irregularities." The decision finding the Coles responsible for the foster care costs of their younger children, whose dependencies were reversed, was an error of law.

Affirmed as to issues 1, 2 and 3. Reversed and remanded on issues 4 and 5, with instructions to consider the Coles' dependency litigation expenses as "necessities" and to exclude from reimbursement the foster care expenditures made on behalf of the two younger Cole children, whose dependencies were reversed on appeal.

GROSSE, A.C.J., and SCHUMACHER, J. Pro Tem., concur.